DICKINSON *v.* THORNTON.

Opinion delivered November 12, 1898.

1. EJECTMENT—AFTER ACQUIRED TITLE.—A title acquired after the commencement of an action of ejectment will not support the action. (Following. *Percifull* v. *Platt,* 36 Ark. 456. (Page 612.)

2. SAME—TITLE.—A plaintiff in ejectment is not entitled to recover where she introduces in evidence a tax deed showing *prima facie* title in a stranger, without showing its invalidity, or tracing title to herself therefrom. (Page 612.)

Appeal from Chicot Circuit Court.

MARCUS L. HAWKINS, Judge.

*Rose, Hemingway & Rose,* for appellant.

The court erred in allowing appellee to introduce in evidence the complaint in another action to which appellant was not a party. 21 Ark. 329. Where one is led into a contract by fraud, he must repudiate it as soon as it is discovered. 26 Ark. 28; 17 Ark. 228; 91 U. S. 592; Bigelow, Fraud. 434. In order to invoke the statute of limitations, a party's holding must have been adverse. 48 Ark. 312; 38 *id.* 181; 13 Ark. 143; 16 *id.* 628; *id.* 671; 27 *id.* 222; 44 *id.* 452; 17 *id.* 77; 30 *id.* 640; 47 *id.* 66. A tenant's holding is not adverse to his landlord's title. 33 Ark. 633; 42 *id.* 118. An entry upon land and cutting wood and timber therefrom by one claiming to do so as owner is sufficient to break the continuity of possession. Wood, Lim. § 270. The fourth instruction given for defendant is erroneous. 44 S. W. 715. A tenant will not be allowed to set up against his landlord's claim an outstanding title which existed before the relation began. 31 Ark. 470. The settlement was a valid one. 62 Ark. 342; *id.* 621.

*Jno. C. Connerly,* for appellees:

The bill of exceptions was not signed within the time limited therefor. 38 Ark. 28; *ib.* 216; 33 Ark. 568; 42 Ark. 288; 39 Ark. 580; 48 Ark. 110.

*Rose, Hemingway & Rose*, for appellant, in reply.

The record shows that the bill of exceptions was signed in time. The motion of defendant asking the court not to sign the bill does not appear in the bill of exceptions, and is not before this court. 34 Ark. 384; 33 Ark. 305; 40 Ark. 114; 33 Ark. 830. Since the signing of the bill of exceptions is not an act properly of record, the statement of the bill of exceptions must control that of the record in this matter. 22 Ark. 365; 37 Ark. 370; 40 *id.* 172; 42 *id.* 278. The failure to sign was capable of amendment. Sand. & H. Dig., § 5769; 53 Ark. 250; 59 Ark. 54.

BATTLE, J. On the 30th of June, 1891, this action was instituted by Mrs. M. L. Dickinson against Joseph Thornton, to recover possession of a certain tract of land described in her complaint. The defendant denied her title and right to the possession thereof, and alleged that the land was forfeited to the state of Arkansas on account of the non-payment of the taxes assessed against it for the year 1871; that it was donated by the state to one Peter Jones; and that he purchased it from Jones.

In March, 1895, the issues in the action were tried by a jury, and a verdict was returned, and judgment was rendered, in favor of the defendant for the land.

In the trial before the jury evidence was adduced tending to prove that the defendant, in January, 1894, signed and delivered to the plaintiff an instrument of writing whereby he admitted that the land was the property of the plaintiff, and that she was in possession; and thereby undertook to authorize the circuit court, in which the action was pending, to enter a judgment, at any subsequent term, in favor of the plaintiff for the same. It is stated in the writing that the plaintiff, in consideration of the age and infirmity of the defendant and his wife, agreed to grant to them the right to use and occupy certain two acres of the land for and during their natural lives. But the instrument of writing was not signed by her. It appears that the defendant afterwards repudiated the writing, and refused to comply with its terms, and continued to claim and hold the land as his own; and that the plaintiff never demanded

that judgment be entered according to the terms, but used it only by reading it as evidence in the trial to prove what is admitted therein. Consequently, we cannot consider it, except to determine how far it serves the purpose for which it was read.

Plaintiff offered to read as evidence a deed executed to her by the clerk of the county court of Chicot county, in which it appears that the land in controversy was sold for the taxes of 1890, on the second Monday in June, 1891; but the court would not permit it to be read. In this the court did not err. The sale having been made and the deed executed after the commencement of the action, it was inadmissible. *Percifull* v. *Platt*, 36 Ark. 456.

The undisputed evidence in the case proves that the defendant and his wife occupied the land as a homestead at the commencement of this action, and thereafter continued to occupy it as such until they were dispossessed by a receiver appointed to take possession of it by the circuit court. In the progress of the trial plaintiff read as evidence a deed executed by the commissioner of state lands to one George E. W. Smith on the second day of February, 1887, whereby it appears that the land in controversy was forfeited to the state of Arkansas on account of the non-payment of the taxes assessed against it for the year 1881, and that it was donated to Smith. No evidence was adduced to prove that the forfeiture was in any way illegal or void. It is true that the record shows that the plaintiff read as evidence receipts of the collector of revenue for taxes paid by her, but they do not appear in the records, and it is not shown for what years the taxes were paid. The evidence having failed to show that the forfeiture to the state was invalid, or that the lands had been redeemed, or that the plaintiff had, since the forfeiture, acquired title, the deed from the state to Smith was conclusive evidence in the trial that the plaintiff was not entitled to recover the land. For she must recover on the strength of her own title, and not upon the failure of the defendant to prove that he is entitled to possession.

Plaintiff assigns many errors and insists that the judgment in this action should be reversed, but, as it is right upon the whole record, and no verdict could have been properly return-

ed, except that upon which it is based, it is not necessary for us to consider them.

Let the judgment be affirmed.

Wood, J., being disqualified, did not participate in the decision of the questions in the case.