## CARPENTER v. JONES.

### Opinion delivered June 24, 1905.

1. EJECTMENT—TITLE.—Plaintiff in ejectment must recover upon the strength of his own title, and not upon the weakness of defendant's. (Page 164.)

2. LOST DEED—PAROL PROOF.—Parol evidence that an original deed has been lost and was not recorded is admissible. (Page 164.)

3. SAME—HOW PROVED.—In determining whether a deed claimed to have been lost was executed, the jury may consider who claims to be the owner of the land; how long such claim has been set up; whether the land had been held adversely to such claim; and, if wild and uncultivated, who has paid the taxes. (Page 165.)

4. SAME—CERTAINTY OF PROOF.—The court properly refused to instruct the jury that all the facts and details of a lost deed must be clearly proved. (Page 166.)

5. APPEAL—OBJECTION NOT RAISED BELOW.—Failure of the trial court to give instructions upon the burden of proof and credibility of witnesses cannot be complained of on appeal when no request was made that such instructions should be given. (Page 166.)

Appeal from Arkansas Circuit Court.

GEORGE M. CHAPLINE, Judge.

Affirmed.

*H. A. & J. R. Parker,* for appellants.

*Thomas & Lee,* for appellees.

WOOD. J. This is an action in ejectment brought by C. B. and J. W. Jones against Wm. N. Carpenter and others for the possession of the east half of the southeast quarter, and the northwest quarter of the southeast quarter of section 27, township 2 south, range 3 west, in Arkansas County, Arkansas.

The abstract of the evidence and the instructions show that the only questions presented and determined by the court below were whether or not Matilda Heigh, through whom both parties claim title, has deeded the land in controversy to John W. Jones, the ancestor of appellees, and, if so, could appellees, upon the deed being lost, prove its execution and contents by parol evidence. The lower court gave the following instructions:

"1. The plaintiff in this suit, in order to recover the land in controversy, must rely upon the strength of his own title, and not on the weakness of the title of the defendant; and before you can find for the plaintiff in this suit you must find the legal title to said land to have been vested in the plaintiff at the commencement of this suit.

"2. The plaintiff in this suit claims that a conveyance of the lands in controversy from Matilda Heigh to John W. Jones was made; that a deed duly executed was delivered to John W. Jones, and that said deed was not recorded, and that the original

was lost. The court instructs you that the best evidence of a title is the original deed of conveyance, and the next best evidence is a certified copy of the record. When the original deed was lost and not put of record, the plaintiff may show by oral testimony that a deed was made, and the title was conveyed to said Jones by Matilda Heigh; and, in determining whether or no such a conveyance was made, you may take into consideration oral evidence that such a deed was made; and in connection with said oral evidence you may consider who claims to be the owner of said land, how long such claim has been set up, whether the said land was held adversely to said claim, if wild and cultivated, who paid the taxes on said land, and whether or not said land has been recognized and known as the Jones land since the time it is claimed said land was conveyed from Matilda Heigh to said Jones. And if you find from all the evidence in this case that the title to said land never passed from Matilda Heigh to John W. Jones, then the plaintiff is not entitled to recover in this suit, and the form of your verdict will be, 'We, the jury, find for the defendant.' If you find the title to the land in controversy to be in the plaintiff, the form of your verdict will be, 'We, the jury, find for the plaintiff.' "

The court refused the following instructions, which were asked for the defendants:

"3. The court instructs the jury that, in order to prove a lost deed, its existence must be proved with great clearness; that the signatures by the parties signing it must be proved to have been legal; that the consideration in said deed must be proved; that the lands conveyed in said deed must be proved; that the approximate date of said deed must be proved; that the granting clause in said deed must be proved.

"4. The court instructs the jury that all the facts and details of a lost deed must be so clearly proved that the proof will supply the place of the instrument itself, in order that the defendant may except to any legal defects therein; and unless plaintiff so makes said proof, you will find for defendant."

There was no error in the giving or refusing of instructions. The questions at issue in the court below were properly presented. The questions of law involved here are ruled by the principles announced in *Calloway* v. *Cossart,* 45 Ark. 81, and *Steward* v.

*Scott,* 57 Ark. 153.

Appellants cannot complain here of the failure of the court to give instructions on the burden of proof and credibility of witnesses, when no request was made by them of the court below for such instructions. Had appellants asked such instructions, they would have doubtless been given. No question of that kind was raised in the court below, and can not be raised here for the first time.

We find no prejudicial error in the rulings of the court upon the admissibility of evidence. Upon the question of fact there was evidence sufficient here to support the verdict.

The judgment is therefore affirmed.