OKOLONA MERCANTILE COMPANY *v.* GREESON.

Opinion delivered January 3, 1910.

1. SALES OF LAND—FORFEITURE.—Where a timber deed provides that if the purchase money notes are not paid when due the vendors shall have the power to take immediate possession of the land and timber "and to stop further cutting until all the past-due obligations are paid," the right of the vendors, upon default in payment of the purchase money, is not to have the sale of timber forfeited, but to take possession of the land and stop further cutting of timber until the past-due obligations are paid. (Page 297.)

2. CANCELLATION OF INSTRUMENTS—DEFENSE.—In a suit to cancel a timber deed one in possession of the timber claiming under such deed may show title either in himself or in some other person. (Page 298.)

3. SAME—BURDEN OF PROOF.—In an action by the grantors of growing timber to cancel their deed and to enjoin defendant from cutting the timber, the burden is on the plaintiffs to establish their right to possession of the timber. (Page 298.)

Appeal from Nevada Chancery Court, *James D. Shaver,* Chancellor; affirmed.

STATEMENT BY THE COURT.

On the 10th day of April, 1902, appellants and others sold to the Boyd-Hodson Lumber Company the timber on two thousand acres of land in the counties of Nevada and Pike. The sale was evidenced by a duly executed deed to the timber. The consideration was $5,500, part of which was to be paid in cash, and part in lumber, and a part, the balance, in money evidenced by promissory notes of $475 each, payable respectively in one, two, three and five years from date. There was a clause in the deed giving the vendors a lien on the timber sold for the purchase money and "power and authority to take immediate possession of said lands and timber, and to stop further cutting of same until the past-due obligations shall be paid and satisfied in full."

On the 16th of July, 1907, appellants brought this suit against M. W. Greeson and others, alleging that the purchase money notes had not been paid, and that the contract was forfeited because of a failure to comply with the conditions named therein on the part of the grantee, or its assignees, whom it was alleged the defendants claimed to represent. The prayer was for damages for cutting the timber, for cancellation of the contract of

sale and for an injunction against cutting and removing the timber, and for general relief and costs.

The defendant Greeson disclaimed any interest in the suit. The other defendants failed to answer. Ford Jones intervened, and claimed ownership of the contract of sale of the timber through mesne conveyance from the original grantee, the Boyd-Hodson Lumber Company, setting up the various transfers. In his intervention he conceded that there was a balance due on the purchase money, and alleged his willingness to pay same when the amount thereof was ascertained. He asked for no affirmative relief.

The appellants answered the intervention and controverted the intervener's title.

The court found "that by sundry mesne conveyances the intervener, Ford Jones, was the owner and entitled to all the rights and privileges of the Boyd-Hodson Lumber Company under the said contract, and that the restraining order herein should be continued until the payment of $425.69, interest and cost, for which judgment was rendered in favor of the plaintiffs."

The court also held that the right to cut the timber from five hundred acres of the land had lapsed because under the terms of the timber deed it had not been cut at the rate or within the time limited, and that the defendant Jones should elect the particular five hundred acres to which all rights should cease.

*John H. Crawford,* for appellants.

The legal status of Ford, the intervener, is that of a plaintiff complaining of the other parties to the action. As such, the burden of proof is upon him, and he must succeed, if at all, on the strength of his own title, and not upon the weakness of that of the original plaintiffs. The alleged transfer from the Boyd-Hodson Lumber Company, a corporation, to C. D. Brainard, was not sufficient as a transfer because it was not signed by its secretary, not attested by the seal of the corporation, and it was not shown that Wm. R. Boyd, who signed the transfer as president of that company, was vested with any power to execute the same. Kirby's Digest, §§ 850, 841, 846; 2 Black 715; 3 Sawy. 88; 17 Ill. 154; 129 Ill. 403; 28 N. E. 64; 62 Ark. 33; 80 Ark. 67; 86 Ark. 288; 66 N. H. 581; 55 Ark. 473; 109 Cal. 29.

*E. E. Moss* and *M. W. Greeson,* for appellees.

The strength or weakness of Jones's title is not the issue here. He was in possession cutting the timber, and his prayer was, not that he recover anything, but that the plaintiff be prevented from recovering, or cutting and removing, the timber. He pleaded title in himself; but if it had been a plea of title in a third party, it would still have been a good defense against plaintiff's claim to the relief asked for; and if it had been found that the conveyance from Boyd-Hodson Lumber Company to Brainard was insufficient to convey title to the timber, it would not have reverted to appellant, but would have remained in the company, which would defeat appellant's claim. 65 Ark. 610. Only parties to a deed can question its intent or validity. 53 Am. Dec. 715; 60 Am. Dec. 81. Appellants instituted the suit, and they alone pray for affirmative relief. The burden is upon the plaintiffs to show that they are entitled to the relief asked for. 47 Ark. 217; 77 Ark. 347.

WOOD, J. (after stating the facts) : There was no right of forfeiture for failure to pay the purchase money when due. The deed provides:

"It is further understood and agreed that a lien is reserved on the timber herein sold to secure the payment of the notes above set forth, and if the said notes are not paid when due the parties of the first part shall have the power and authority to take immediate possession of said lands and timber, and to stop further cutting of same until the past-due obligations shall be paid and satisfied in full."

The right of appellants, therefore, upon failure to pay the notes when due, was not to cancel the deed and have the contract forfeited entirely, but only "to take immediate possession," and "to stop further cutting of timber" *until the past-due obligations* "were paid and satisfied in full."

The above relief was granted appellants, and it was all they were entitled to under the express terms of the contract. It was wholly immaterial whether the intervener, Jones, had title by perfect deed from the Boyd-Hodson Lumber Company, the grantee, through sundry mesne conveyances. It is therefore unnecessary for us to pass upon that question. If the deed of the Boyd-Hodson Lumber Company to its immediate grantee did not con-

vey good title, then the title still remained in the Boyd-Hodson Lumber Company. Jones was in possession claiming title under the Boyd-Hodson Lumber Company, and it is not here complaining of his title. If the title was not in Jones, then, before appellants could have the title cancelled, they would have to bring the owners of the title before the court. Jones, being in possession claiming title through deed from the Boyd-Hodson Lumber Company, could have defeated appellants' claim for cancellation against him by showing title either in himself or some third person. See *Dickinson* v. *Thornton,* 65 Ark. 610.

As to appellants' right of possession and to injunction, the burden was on them. They do not allege or claim that Jones was a trespasser, holding without color of title. Jones is not asking for any affirmative relief.

We find nothing in the pleadings or the proof to take the case out of the operation of the general rule placing the burden of proof, in real actions, upon the plaintiff. *Dawson* v. *Parham,* 47 Ark. 215, 217, 18; *Dickinson* v. *Thornton, supra; Chapman & Dewey Land Company* v. *Bigelow,* 77 Ark. 338-347; *Carpenter* v. *Jones,* 76 Ark. 163; *Dowdle* v. *Wheeler,* 76 Ark. 529; *Mallory* v. *Brademyer,* 76 Ark. 538.

Jones being in the possession of the land for the purpose of cutting the timber under his claim of title through the Boyd-Hodson Lumber Company, he has the right to retain possession for that purpose after he has paid the purchase money. The contract so specified, and the court so decreed.

Affirmed.