WHEELER v. FOOTE.

Opinion delivered November 5, 1906.

1. ADVERSE POSSESSION—EXTENT.—Adverse possession of part of a tract of land through a tenant under cover of title to the whole is sufficient to give title to the whole if maintained for the statutory period. (Page 437.)

2. SAME—PAYMENT OF TAXES ON WILD LAND—CONSTRUCTION OF STATUTE.—The act of March 18, 1899, relating to adverse possession by payment of taxes, is confined to unimproved and uninclosed land, and has no application to a tract of land of which any part is improved or inclosed. (Page 437.)

Appeal from Ashley Chancery Court; *Marcus L. Hawkins,* Chancellor; affirmed.

*J. C. Norman* and *John B. Jones,* for appellant.

1. The land was wild and uninclosed, and was not in possession of any one prior to appellees. They, having paid the taxes thereon for seven years in succession under claim and color of title, have acquired title by limitation. Kirby's Digest, § 5057.

2. There are qualifications to the rule that actual possession of part, claiming the whole under color of title, gives constructive possession to the boundaries of the deed. 57 Ark. 97; 73 Ark. 252; 72 Mich. 409. It is also held that constructive possession of a part of one tract can not be extended to another and separate tract, even if the separate tracts are owned by the same person. 1 Jones, Law, 406; 42 Pac. 514; 23 Pac. 808; 25 Pac.

378; 7 Ore. 87; 18 Ore. 126; 37 Am. Dec. 190; 71 Am. Dec. 198; 3 Am. Dec. 143; 166 U. S. 493. In this case the lands lie in separate townships. There is no proof of any act on the part of appellee constituting adverse possession of the forty acres in controversy. "There can be no constructive adverse possession against the owner where there has been no actual possession of some part of the land which the lawful owner might treat as a trespass." Buswell on Lim. & Adv. Possession, § 256; 3 S. C. 40; 25 Pa. 491. "Possession must be open, in order to give the owner notice of the adverse claim, and to force him to protect his rights or lose them by a failure to assert them within the period of time allowed by statute to do so." 68 Ark. 553. Appellee's occupancy of her 200-acre farm in sec. 33 was no notice to Lindsey and his heirs that she was also occupying the land in controversy. Possession follows the title, in the absence of actual possession adverse to it. 67 Ark. 412. Nothing short of what constitutes an actual possession, such as creates an ouster, will take away from the owner the possession which attaches to the legal possession. 68 Ark. 553; 72 Mich. 409; 62 Mich. 314; 34 S. W. 834. Under the proof the leasing was clearly confined to the farm in sec. 33. Possession of a tenant can not avail the landlord to any greater extent than it would the tenant if he were claiming and holding for himself. 11 Humph. 112; 1 Humph. 26; 9 Yerg. 463. Clearing over the line by Bloomer was a mere mistake, and his occupancy was not adverse. 59 Ark. 623. If possession had actually been taken under the conversation between Foote and Bloomer, it could have extended only to the one and one-half acres cleared by Bloomer.

*Geo. W. Norman,* for appellee.

1. Appellee, by her tenant, had actual possession for fourteen or fifteen years. Possession of part of the land for seven years under color of title gives title to the whole by limitation. 71 Ark. 393.

2. It was found by the chancellor that appellee paid the taxes on the land in 1900. Even if appellants had paid the taxes for that year, thus making seven successive yearly payments of the taxes, it would avail them nothing, since the land was not uninclosed and unimproved. The chancellor's finding on this

point will. not be disturbed unless contrary to the preponderance of testimony. 24 Ark. 431; 42 Ark. 246; 49 Ark. 465; 44 Ark. 216.

McCULLOCH, J. This case involves. the title to forty acres of land, containing a valuable brake of cypress timber. Mrs. Foote, the appellee, first brought ejectment in the circuit court of Ashley County against appellants, but subsequently instituted suit in the chancery court to restrain appellants from cutting the timber, and the two actions were consolidated in the chancery court, where a decree .was finally rendered in favor of appellee. Both parties claim title to the land by limitations. Appellee claims title by actual adverse possession of a part of the tract under color of title to the whole; and appellant claims to have paid taxes under color of title for seven years in succession, the last three payments being since March, 1899.

Only a small part of the land—about an acre and a half—has been fenced and cultivated or otherwise actually occupied. This small clearing was made about fifteen years ago by one Bloomer, the owner of the adjoining tract, who cleared the land under a mistake as to the boundary. Appellee claimed the lands then under color of title, and as soon as Bloomer made the clearing she laid claim to it, and he (Bloomer) conceded her right to possession. He continued in possession up to about the time of the commencement of this litigation—a period of more than seven years—under an agreement with appellee that he could occupy and cultivate the land in consideration that he would protect the timber from trespassers. He testified that he occupied it as the land of appellee and pursuant to that agreement with her. The small clearing was all of the tract which was susceptible of cultivation—the remainder was low and covered by the cypress brake. The facts, which are practically undisputed, are sufficient to make out appellee's title by adverse possession. Her occupancy of a part of the tract through her tenant, Bloomer, under color of title to the whole, gave her title to the whole. This amounted to an investiture of title by limitations, and the only remaining question is whether or not appellants and their grantors subsequently acquired title by the continuous payment of taxes for seven years under color of title.

It is conceded that appellant's paper title is invalid, though

effectual as color of title to support adverse possession by payment of taxes. The application of the act of March 18, 1899 (Kirby's Digest, § 5037), which was construed by this court in *Towson* v. *Denson,* 74 Ark. 302, is in express terms limited to unimproved and uninclosed lands. It has no application to improved or inclosed lands. Now, as has already been stated, a small portion of the tract on which appellants have paid taxes is improved and in actual occupancy by appellee's tenant.

But counsel for appellant insist that the remainder of the tract—about 38½ acres of it—is unimproved and uninclosed, and therefore falls within the operation of the statute. We do not think, however, that the statute can be invoked under those circumstances. The tax payments were upon the whole tract as an entirety, not upon any separate or distinct part, and it can not be said that the tract, as an entirety, was unimproved or uninclosed. A part of it was in fact improved and occupied. We do not mean to hold that the statute in question can not be applied to unimproved and uninclosed land because some person other than the taxpayer may have constructive possession of it: for instance, where taxes are paid on a tract entirely unimproved and uninclosed, but where another person has constructive possession by reason of being in actual possession of a contiguous tract under a deed describing both tracts. That question is not before us in this case, and we do not decide it. What we do decide now is that the statute does not apply where a part of the particular tract on which the taxes were paid was improved and actually occupied by another person.

Affirmed.