CONNERLY v. DICKINSON.

Opinion delivered December 24, 1906.

1. ADVERSE POSSESSION— EXTENT.—One who takes possession of a part of a tract of unoccupied land under deed describing the whole is deemed to have constructive possession to the limits of the tract. (Page 261.)

2. SAME—BY CONSTRUCTION.—Constructive possession follows the title, in the absence of actual possession adverse to it. (Page 261.)

3. SAME—CONTINUITY.—Proof that parties have claimed certain land for a number of years, have paid taxes thereon, have occasionally cut timber thereon, and caused their agents to maintain a watch so as to prevent other persons from trespassing, does not establish such continuous and notorious holding as will give title by adverse possession. (Page 261.)

4. SAME—BY PAYMENT OF TAXES.—Kirby's Digest, § 5057, providing that "wild and uninclosed land shall be deemed and held to be in possession of the person who pays taxes thereon," has no application where part of the tract upon which the taxes have been paid as a whole by defendants has been in the actual possession of plaintiffs. (Page 263.)

5. APPEAL—COMPUTATION OF TIME.—In computing the year allowed by Kirby's Digest, § 1199, for appeals, the day on which the judgment or decree was rendered must be excluded, and a full year after that day be given for appeal. (Page 263.)

6. TAXATION—LIEN.—On canceling a void tax sale, the tax purchaser is entitled to a lien for the purchase money and subsequent taxes paid, with interest on the whole at ten per cent. per annum from date of the several payments. (Page 263.)

Appeal from Chicot Chancery Court; *Marcus L. Hawkins, Chancellor;* reversed.

Action by Mrs. Katie Connerly and others against J. W. Dickinson and another to quiet title to land. Judgment was for defendants, from which plaintiffs appeal.

*Baldy Vinson* and *June P. Wooten,* for appellants.

1. As between Mrs. Dickinson and Thornton, the question as to whose is the better title has been settled. 65 Ark. 610. Since by that decision his title was established to the twenty acres east of the brake, it extends to the whole of the tract described in the Jones deed. 57 Ark. 97. Where one buys a tract of land, it is not necessary that he put a fence around the whole, in order to hold it. 10 Pet. 412; 10 Wall. 519. Possession and cultivation of a portion of the tract is constructive possession of the whole, unless the remainder is being held adversely. 144 U. S. 526; 4 Dak. 196; 30 O. St. 417; 25 Cal. 132; 25 Fla. 837; 15 Ill. 273. And constructive possession follows the legal title where there is no actual adverse possession. 57 Ark. 523; 60 Ark. 163; 43 Ark. 485; 67 Ark. 411.

2. Before appellee is entitled to all the land except the twenty acres east of the brake, she must show actual, open, adverse and continuous possession of it for the statutory period; and possession can not be established by evidence of general reputation in the community. 90 Ga. 52. Cutting wood, or making rails from timber on the land, or taking possession and deadening the timber on the land, is not sufficient to show adverse possession. 68 Ark. 551; 49 Ark. 266. "Fitful acts of ownership in connection with the payment of taxes and claim of title are not such notice as to put the owner upon his guard against a continuous disseizin and adverse possession for seven years." 64 Ark. 100; 68 Ark. 551; 75 Ark. 415.

3. By reason of irregularities in connection with the sale, the same is void, and the deed of the clerk made under it conveyed no title. Unless notice of the sale of delinquent lands is recorded, and unless a certificate is made at the foot of the record showing in what newspaper the list was published, etc., the sale is void. Kirby's Digest, § 7086; 55 Ark. 218; 61 Ark. 36; 65 Ark. 595; 68 Ark. 248. Unless notice of sale is published

for the length of time required by law, the sale is a nullity. Kirby's Digest, § 7085; 30 Ark. 661; 55 Ark. 192; 55 Ark. 213; 68 Ark. 426. . Where the clerk fails to keep separate books of sales of delinquent lands and of sales made, the sale is void. 70 Ark. 326. Where the land sells for an excessive amount of taxes, penalty and costs, the sale is void. 56 Ark. 93; 55 Ark. 30; 57 Ark. 195; 60 Ark. 215; 61 Ark. 36.

*J. W. Dickinson,* for appellees.

1. The transcript was lodged here too late. The appeal was prayed in lower court November 11, 1904, and the year expired November 10, 1905.

2. Appellants could not maintain an action for recovery or possession of the land unless they can show that they or their grantors were seized or possessed thereof within two years next before the commencement of the action. Kirby's Digest, § 5061. See also Kirby's Digest, § 7105; 53 Ark. 418; 71 Ark. 107; 57 Ark. 523; 59 Ark. 460; 60 Ark. 499; 60 Ark. 163; 71 Ark. 390.

3. Appellants are barred by the seven-year statute of limitation. Kirby's Digest, § 5056; 39 Ark. 158; 67 Ark. 320; 70 Ark. 371; 61 Ark. 527.

McCulloch, J. On March 7, 1901, appellants commenced this suit in chancery court of Chicot County against appellees to quiet title to the north half of the northwest quarter of section 19, township 14 south, range 3 west. They claimed title as follows: Donation deed from State of Arkansas March 18, 1877, to Peter Jones, conveying said northwest quarter; deed from Peter Jones to Joseph Thornton for same land; deed from Thornton to plaintiffs July 28. 1885, conveying undivided half of said land, and partition deed October 24, 1900, from Thornton's heirs conveying the north half of said northwest quarter. They alleged that Thornton had continuously held possession from time of his purchase from Jones, and that plaintiffs had continuously held possession since their said acquisition of title.

The defendants answered, denying title in plaintiffs and claiming to have held possession adversely under a deed executed to them by one Carleton in 1878. They also claimed title under a sale by the collector of taxes in June, 1898, for the taxes of 1897.

No attack is made upon the donation deed to Jones, so that must be accepted as having placed the title in Jones. Jones took possession of the tract, and he and his grantee, Thornton, cleared up and put in cultivation about 20 acres on the east part of the quarter section. One of the appellees brought an action of ejectment against Thornton for these 20 acres, and a trial of the case resulted in a judgment for Thornton, and, on appeal to this court, the judgment was affirmed. *Dickinson* v. *Thornton,* 65 Ark. 610.

Appellees claim title to the remainder of the tract by reason of having had actual possession for more than seven years before the commencement of this suit. The chancellor decreed the 20 acres to appellants and the remainder to appellees.

Does the proof sustain appellees' claim of actual, adverse possession?

Appellants and their grantors having taken and held possession of 20 acres of the land under a deed describing the whole of the quarter section, their possession is deemed to have extended constructively to the limits of the premises therein described. *Pillow* v. *Roberts,* 12 Ark. 829; *Elliott* v. *Pearce,* 20 Ark. 508; *Sparks* v. *Farris,* 71 Ark. 117.

Constructive possession follows the title, in the absence of actual possession adverse to it. *Gates* v. *Kelsey,* 57 Ark. 523; *Woolfolk* v. *Buckner,* 67 Ark. 411; *Haggart* v. *Ranney,* 73 Ark. 344.

It is necessary, therefore, for appellees to show actual possession—*possessio pedis*—continuing for the statutory period, in order to make out title by limitation. The proof does not show this. The most that is shown by the evidence is that appellants have for a number of years claimed ownership of the land, paid taxes thereon, occasionally cut timber thereon and caused their agents to maintain a watch so as to prevent other persons from trespassing thereon. These are only "fitful acts of ownership" which this court has held do not constitute title by limitation. *Brown* v. *Bocquin,* 57 Ark. 97; *Driver* v. *Martin,* 68 Ark. 551; *Boynton* v. *Ashabranner,* 75 Ark. 415; *John Henry Shoe Co.* v. *Williamson,* 64 Ark. 100.

In *Driver* v. *Martin, supra,* the court, in speaking of such acts of ownership, said: "They lack the continuity that is neces-

sary to constitute the seven years unbroken possession that will bar the recovery of the land by the true owner and vest the title in the adverse occupant. They were disconnected trespasses, and vested title in no one."

In *Boynton* v. *Ashabranner, supra,* we said: "The payment of taxes, the claim of ownership, and the exercise of fitful and disconnected acts of possession are insufficient to create title by adverse possession. The cutting of timber and firewood from this place did not evidence the continuity of possession and hostile and notorious holding which are necessary to give title."

Appellees introduced testimony to the effect that Mary Jackson, one of the heirs of Jos. Thornton, cleared and put in cultivation about three acres of the land in controversy, that they caused her arrest in 1896 for criminal trespass, and that she then agreed to attorn to appellees as her landlords, and executed to them her note for $5 as rent of the land she was cultivating. This, however, occurred within seven years before the commencement of this suit; and if it be conceded to be an act of adverse possession on the part of appellees commencing when Mary Jackson attorned to them, it is evidence that they were not in possession prior to that time.

It is also shown that a man named Dickey at one time leased a part of the land from appellees, deadened about three acres, and cleared and fenced a small patch, containing about half an acre. It does not appear, however, when this occurred, and we can not assume that it occurred more than seven years before the commencement of this suit; nor is it shown the length of time the occupancy of Dickey continued. These matters are considered, even when taken as having transpired within the period of limitation, in passing upon the continuity of appellees' alleged possession, but, considering together all of the alleged acts of adverse possession, we think they fall short of establishing continuous adverse possession by appellees for a period of seven years.

One of the appellees in his testimony and some of the other witnesses state in general terms that appellees were in possession of the land, and that it was generally understood to be in their possession, yet they do not specify acts which collectively amount to continuous adverse possession. We are clearly of the opinion

that the plea of adverse possession is not sustained by the evidence.

Appellees also prove payment of taxes as acts of possession. The whole of the northwest quarter of section 19 was assessed for taxes as an entirety, and the taxes thereon were paid as a whole. Part of the tract has been in actual occupancy of appellants and their grantors, so the statute providing that "improved and uninclosed land shall be deemed and held to be in possession of the person who pays taxes thereon" (Kirby's Digest, § 5037) has no application. *Wheeler* v. *Foote*, 80 Ark. 435.

The sale of the land for taxes in 1898, under which appellees also claim title, is void, and the tax deed conveyed nothing. The final decree below was rendered on November 11, 1904, and an appeal was granted by the clerk of this court on November 11, 1905 . Appellees contend that the time for appeal expired November 10, 1905, and that the appeal was improperly granted. The statute provides that "an appeal or writ of error shall not be granted except within one year next after the rendition of the judgment, order or decree sought to be reviewed." Kirby's Digest, § 1199. In computing the time allowed for appeal the day on which the judgment or decree was rendered must be excluded, and a full year after that day given for appeal. The appeal was granted and perfected within the time allowed by law.

The decree of the chancellor is erroneous, and the same is reversed and remanded with directions to enter a decree for appellants quieting their title to lands described in the complaint, and also declaring a lien thereon in favor of appellees for the amount of taxes and penalty paid by them on the land in purchasing the same at tax sale in 1898, and all taxes paid by them since then, together with interest on the whole at ten per cent. per annum from date of the several payments.