## KING v. CAMPBELL.

Opinion delivered March 1, 1909.

1. ADVERSE POSSESSION—WANT OF COLOR OF TITLE—EFFECT.—One who takes actual possession of a part of a tract of wild and uninclosed land is deemed to hold adversely only to the limits of his inclosure. (Page 452.)

2. SAME—CONTINUITY.—Where a person claiming uninclosed and unimproved land under color of title paid taxes on it for six years continuously in succession, but before the seven years expired sold the land to one who went into actual possession of part of the land, without color of title, the continuity of the constructive possession was broken and could not be tacked to the actual possession except as to the portion of which actual possession was taken. (Page 453.)

Appeal from Mississippi Chancery Court, Osceola District; *Edward D. Robertson*, Chancellor; reversed.

*J. T. Coston*, for appellants.

1. The possession of Mary E. Hale, prior to March 3, 1898, the date of her deed, "under a verbal agreement of sale," extended only to her inclosure, which was "about an acre of the land." Therefore the seven-year statute of limitations was not running. 30 Ark. 656; 33 Ark. 154.

2. Possession under a verbal agreement of sale does not constitute color of title. 47 Ark. 531; 84 S. W. 228; 67 Ark. 188. And her deed will not relate back, so as to constitute color of title existing before the actual execution of the deed. 183 Ill. 548; 23 Ill. 512; 133 Ill. 313; 48 Ill 480; 37 Mo. 310; 5 McLean (U. S.) 189; 66 Vt. 173. See also 58 Ga. 350; 34 N. H. 544. Taxes paid by Mary E. Hale prior to March 3, 1898, did not go to perfect her title.

3. The improvements placed on the acre of land deprived the forty-acre tract of its unimproved and uninclosed character, and the statute ceased to run for this reason. 100 S. W. (Ark.) 800; 97 S. W. 448.

*S. S. Semmes*, for appellee.

FRAUENTHAL, J. Appellants originally instituted this suit on January 30, 1905, to quiet their title to certain lands, and in the lower court a final decree was rendered dismissing their complaint for the want of equity; and from that decree they prosecuted an appeal to this court; and said cause on appeal was

decided by this court on February 25, 1907, and the opinion thereof is reported under the style of *Gaither* v. *Gage*, 82 Ark. 51. The decree was by this court reversed, and the cause remanded with directions to permit either party to amend his pleadings and take further proof; and for further proceedings not inconsistent with that opinion. Upon this second appeal the only land involved in the suit is the forty-acre tract claimed by the appellee, Robert Campbell. He asserts title to that tract of land under mesne conveyances from parties back to one who had obtained deed to the land in 1895 from the commissioner of the chancery court, who made sale thereof under a decree of that court; and he alleges that he and those under whom he claims title had been in actual, adverse and notorious possession of said land continuously for more than seven years next before the commencement of this suit; and he also alleges that he and his grantors had paid the taxes on said land continuously for more than seven years, three payments having been made since March 18, 1899, and pleads the seven-year statute of limitation by payment of taxes for that period upon uninclosed and unimproved lands, under the act of March 18, 1899.

Upon the second trial in the lower court of this cause, the proof or evidence was made by the agreed stipulation of the parties, which is as follows:

"1st. That the late W. A. King was the holder of the original title to the land involved in this suit, and that Mary J. King was the wife of W. A. King, and is now his widow, and that J. H. King, W. H. King and Marian Gaither are the children and sole heirs at law of said W. A. King, and that W. A. King died in June, 1892.

"2d. That Marian Gaither married James B. Gaither December 20, 1887; and she is now, and has been continuously since said marriage, the wife of said James B. Gaither.

"3d. That on the 26th day of March, 1891, the land in controversy, to-wit, N. E. ¼ S. E. ¼ sec. 20, township 12 north, range 10 east, 40 acres, was mortgaged by one Felix R. Lanier to the Real Estate Mortgage Company, incorporated, of the State of Maine.

"That suit was brought to the chancery court of the county of Mississippi, Arkansas, to foreclose said mortgage; a decree

of foreclosure rendered and entered of record at the May, 1894, term of said court, ordering said land, among other lands, sold by H. D. Tomlinson, as commissioner of the court. That, pursuant to said decree, the said Tomlinson, commissioner, sold said land to the Union Mortgage Banking & Trust Co., to whom a commissioner's deed was executed and delivered December 6, 1895, which sale and deed was confirmed at the December, 1895, term of said court. That a deed was executed and delivered to Mary E. Hale for said land by the said Union Mortgage Banking & Trust Company, of date March 3, 1898. That on the 26th of January, 1902, the said Mary E. Hale executed and delivered to C. C. Ermin a deed for said land. And that on the 2d day of December, 1902, the said C. C. Ermin executed and delivered a deed to the defendant and cross-complainant, Robert Campbell, for said land. That there is nothing of record to show that the said Felix R. Lanier ever had any title to said land. And that neither the petitioners nor their ancestors, nor his nor their privies, were made, or became, parties to the foreclosure proceedings under which said land was sold by the said H. D. Tomlinson, commissioner, to the said Union Mortgage Banking & Trust Company.

"4th. That, under a verbal agreement of sale with said Union Mortgage Banking & Trust Company, the said Mary E. Hale went upon said land in August, 1897, built a house upon it, and had fenced in about one acre of the land when she obtained her deed in March, 1898, from said Union Mortgage in the actual, adverse, notorious, uninterrupted and exclusive occupancy and possession of said land from the date of said deed up to the present time.

"5th. That prior to the entry of said Mary E. Hale upon said land in August, 1897, all of said land was and always had been unimproved and unenclosed land, in a wild state and in the occupancy of no one. And that said Robert Campbell, and those under whom he claims, have regularly kept paid up all taxes, State, county and levee, assessed against and levied upon said land for each and every year from and including the year 1891, down to the present time. And that during this period petitioners have paid no taxes upon said land."

The appellee first bases his plea of the statute of limitations

upon the ground that he and his grantors have been in actual, adverse. and open possession of the land continuously for seven years next before the institution of this suit. This suit was instituted on January 30, 1905. The above evidence shows that prior to August, 1897, the land was in a wild state and in the occupancy of no one; that in August, 1897, Mary E. Hale, under a verbal agreement of purchase, built a house upon it and fenced in about one acre of the land, which was the extent of her actual possession, and that she did not obtain a deed for the land until in March, 1898. So that when she took possession of the one acre in August, 1897, she had no deed or written instrument of any kind granting to her the land or any portion thereof, and therefore had no color of title thereto. *Teaver* v. *Akin,* 47 Ark. 528; *White* v. *Stokes,* 67 Ark. 184.

Now, when one takes possession without color of title, his possession is confined to the limits of his inclosure. *Mooney* v. *Cooledge,* 30 Ark. 640; *Ferguson* v. *Peden,* 33 Ark. 150. So that up to and until March, 1898, when she obtained a deed for the land, Mary E. Hale had no possession, in fact or in law, of any portion of said land except the one acre. The statute of limitations, therefore, as to all said land except said one acre, began to run in March, 1898; and, this suit having been commenced on January 30, 1905, it did not run for seven years. Therefore the plea, of the statute of limitations by appellee, by actual, adverse and notorious possession for seven years, is not sustained by the evidence except as to said one acre of land which Mary E. Hale occupied and inclosed in August, 1897,

It is contended by appellee that the right and title of appellants to the land had been barred by the statute of limitations, by payment by appellee and his grantors of the taxes upon the land continuously for seven years, under the act of March 18, 1899. Appellee contends that for a number of years prior to August, 1897, the lands were uninclosed and unimproved, and in the occupancy of no one, and during those years the Union Mortgage Banking & Trust Company, holding under deed and color of title, continuously paid the taxes thereon, and that by verbal agreement of sale to Mary E. Hale, made in August, 1897, she went into actual possession of a part of the land, and, though she did not obtain a deed until March, 1898, yet the taxes were con-

tinuously paid upon the land thereafter and for more than seven years, three of which payments were made after March 18, 1899. And appellee contends that where a party commenced paying taxes on uninclosed and unimproved lands under the act of March 18, 1899, and afterwards went into actual possession and continued to keep the taxes paid, he could "tack" the time of actual possession to the time he had paid the taxes thereon while the land was uninclosed and unimproved, so as to fill out the seven years. He bases his contention upon the case of *Gaither* v. *Gage,* 82 Ark. 51. But in that case this court only held that "uninclosed and unimproved lands shall be deemed to be in possession of the person who pays taxes thereon under color of title, provided he pays for seven years in succession, and his possession begins from the first payment and continues, even though he should subsequently take possession."

The taxpayer, who pays the taxes on lands that are uninclosed, unimproved and unoccupied, under color of title, can subsequently take actual possession of the land and tack this actual possession to the previous constructive possession, provided he continues to pay the taxes for the prescribed seven years in succession. But this actual possession must be of the nature and character and to the extent that is required by the law to constitute open, notorious and adverse possession. That is to say, the taxpayer or his grantee must either take actual possession of the entire tract upon which taxes have been paid, or he must take possession of a portion thereof under color of title to the entire tract. By virtue of paying taxes on the land as unimproved and uninclosed under color of title, the taxpayer has constructive posession of the entire tract; and to enable him to tack to that possession his actual possession there must be an actual possession of the entire tract or a portion thereof under color of title to the entire tract. There must not be a break in the continuity either of the constructive or actual possession, for the period of seven years, of the entire tract upon which taxes are paid.

In the case of *Wheeler* v. *Foote,* 80 Ark. 435, the appellant invoked the application of the act of March 18, 1899, in endeavoring to sustain his plea of the statute of limitations. In that case the taxpayer had paid taxes for some years on a forty-

acre tract of land which was uninclosed and unimproved; and thereafter and before the running of the seven years a small part of the land—about an acre and a half—had been fenced and cultivated or otherwise actually occupied; and this court held that the application of that act is limited to unimproved and uninclosed lands, and it could not apply in that case, as shown by the facts, because a small portion of the forty-acre tract on which the appellants in that case had paid taxes was actually improved and occupied; and in that case this court said: "What we do decide now is that the statute does not apply where a part of the particular tract on which the taxes were paid was improved and actually occupied by another person." And in that case it is also said that "the tax payments were upon the whole tract as an entirety, not upon any separate or distinct part, and it cannot be said that the tract, as an entirety, was unimproved or uninclosed. A part of it was in fact improved and occupied."

In this case Mary E. Hale took possession of a portion of the land in August, 1897, and retained such possession until March, 1898, under a verbal agreement of sale. During all this time she had no color of title to the land or any portion thereof. She was not the agent or representative of the former taxpayer. During all this time she was claiming the land in her own right. She had the occupancy of and had improved and enclosed one acre of the tract, and to that extent and only to that extent did she have possession. She had no deed or color of title to the entire tract, and so her possession did not extend beyond the limits of the inclosure of one acre. But by this occupancy of the one acre the tract of 40 acres, as an entirety, lost its character of unimproved, uninclosed and unoccupied land. The tax payments were upon the whole tract as an entirety. A part of it was in fact improved and occupied by Mary E. Hale, and she was in possession only of a part of it. Under the act of March 18, 1899, there could be no constructive possession of the entire tract during that period of time by the payment of taxes, because that act applies only to lands that are unoccupied and uninclosed. There was no actual possession of the entire tract because Mrs. Hale had no deed or color of title to the entire tract, and she was in actual possession of only a portion

thereof claiming that in her own right. So that, during the time that Mary E. Hale was in possession and occupancy of a part of the tract of land under the verbal agreement of sale, there was a break in the continuity of the possession of the 40 acres as an entirety. The constructive possession of the former tax-payer then ceased. That was in August, 1897. The actual possession of Mary E. Hale of the entire tract did not begin until March, 1898.

It follows, therefore, that the appellee can not invoke the benefit of the statute of limitations during the time that Mary E. Hale was in possession of a part of the land under the verbal agreement, and that during that time the running of the statute was interrupted and stopped. It follows, therefore, that the decree of the lower court must be reversed.

The decree of the lower court is hereby reversed and the cause remanded, with directions to quiet the title to all the forty-acre tract of land in the petitioners, except the portion thereof containing about one acre which was taken possession of and inclosed by Mary E. Hale in August, 1897; and if it shall be necessary to take further proof in order to establish the description of that portion of said land, that can be done.