WELLS *v.* ROCK ISLAND IMPROVEMENT COMPANY.

Opinion delivered December 22, 1913.

ADVERSE POSSESSION—SEVEN YEARS' PAYMENT OF TAXES—TITLE.—Appellant held actual possession of fifteen acres only of a forty-acre tract of land, and appellee, by virtue of the payment of taxes, held constructive possession of the remainder of the tract; the two portions of the track were assessed for taxes separately. *Held,* appellee having fulfilled the conditions imposed by Kirby's Digest, § 5057,

is vested with the title to the portion of the tract on which he
had paid taxes the statutory period.

Appeal from Crittenden Chancery Court; *Charles
D. Frierson,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

Appellants had a donation deed to the southwest
quarter of section 20, township 6 north, range 8 east, in
Crittenden County. They went into the actual posses-
sion of fifteen acres in the southwest quarter of the
southwest quarter, but actual possession was not taken
of the northeast quarter of the southwest quarter of sec-
tion 20. Appellee held color of title to the northeast
quarter of the southwest quarter of section 20, which
was unenclosed and unimproved, and paid taxes thereon
continuously for seven years, towit, from 1896 to 1902
inclusive, four of the payments having been made after
the 18th of March, 1899. The appellants had actual pos-
session, under the donation deed, of the fifteen acre tract
in the southwest quarter of the southwest quarter of
section 20 until after April 1, 1897, on which date the
appellee paid the taxes for the year 1896.

The appellee brought suit to quiet title to the north-
east quarter of the southwest quarter, and the decree of
the chancery court was in its favor, and this appeal was
taken.

*B. J. Semmes,* for appellant.

1. Appellant's possession was coextensive with the
quarter section. Their possession of a part of the south-
west quarter of section 20 drew to them constructively
the possession of the northeast quarter of the southwest
quarter of said section. 12 Ark. 829; 20 Ark. 508; 38
Ark. 181; 71 Ark. 390; 99 S. W. 82; 81 Ark. 258.

Section 5057, Kirby's Dig., does not apply so as to
give title to the wild land of a tract on which seven years'
taxes were paid under color of title, where a part of the
tract upon which the seven years' taxes were paid was
improved and actually occupied by another during the

time of tax payment.    81 Ark. 258; 80 Ark. 435, 97 S. W. 447.

2.    Sections 5056 and 5057, Kirby's Digest, must be construed together.    126 S. W. (Ark.) 387.    Without the first named section, the latter could not divest any property rights at all.    But in order to show title by adverse possession under section 5056, it is necessary to show that such possession was *exclusive*.    43 Ark. 487; 46 S. W. 945; 65 Ark. 422; 74 Ark. 302, 86 S. W. 661.

*John T. Hicks* and *Thos. S. Buzbee*, for appellees.

We think the decision of the court in *Haggart* v. *Ranney*, 73 Ark. 344, will control here in so far as the claim of appellees to constructive possession of the northeast quarter of southwest quarter of section 20 is concerned.

WOOD, J., (after stating the facts).    In *Connerly* v. *Dickinson*, 81 Ark. 258-263, a quarter section of land was assessed for taxes as an entirety and the taxes thereon were paid.    This court held that the payment of taxes on the land as thus assessed under section 5057 of Kirby's Digest did not give title as against those who had actual possession of a part of the tract under a deed which conveyed to them the whole of the quarter section.    And in *Wheeler* v. *Foote*, 80 Ark. 435, we held that section 5057 of Kirby's Digest does not apply where a part of the particular tract on which the taxes were paid was improved and actually occupied by another person.

These cases, upon which appellants rely, differ from the case at bar in that the particular tract in controversy here was assessed separately and the taxes thereon paid on the tract as thus separately assessed, and no part of this tract was actually invaded by the actual possession of appellants.

This court has often held that the actual possession of a part of a tract of land described in a deed gives the grantee possession, constructively, to the whole of the tract as therein described.    See *Connerly* v. *Dickinson*, *supra*, and cases there cited.    But if a tract of land thus

described in a deed is divided into legal subdivisions and each subdivision is separately assessed for taxation, if one of these separate tracts is unenclosed and unimproved, the payment of taxes thereon as provided by section 5057 of Kirby's Digest will give title as against the owner who only had constructive possession thereof at the time the taxes were paid but who had not taken actual possession of any part thereof. This separate assessment and payment of taxes under the statute is notice to the owner that his constructive possession has been displaced and if the payments continue according to the provisions of section 5057 of Kirby's Digest this will destroy the constructive possession of the true owner and give title to the parties so paying the taxes. The constructive possession of land follows the title in the absence of actual possession adverse to it. *Connerly* v. *Dickinson, supra,* and cases there cited. But there can be no such thing as co-existing and adverse constructive possession under section 5057, and the language in *Towson* v. *Denson,* 74 Ark. 302, indicating that there might be such cases was mere *obiter.* The very purpose of section 5057 was to create a constructive possession by the payment of taxes equivalent to actual possession that shut out the constructive possession of the owner who did not pay taxes. To hold otherwise would be to abrogate the provisions of section 5057, *supra;* for every owner of unenclosed and unimproved land holds the constructive possession thereof.

Had the whole of the southwest quarter of section 20 been assessed as one tract and taxes paid thereon by the appellee it would not have acquired title to any part of the tract. In that case section 5057 would not apply at all. But the separate assessment of the tract in controversy and the payment of taxes thereon by appellee, under the statute as stated, took the constructive possession out of appellants and gave it to appellee, which, under the construction given the statute in *Towson* v. *Denson, supra,* and other cases following it, invested appellee with the title.

The decree is therefore affirmed.