## DAVIS *v.* GROBMYER.

### Opinion delivered December 22, 1917.

1. TAX TITLES—SEVEN YEARS' CONTINUOUS PAYMENT.—Seven continuous tax payments, under color of title, on the same description, are required to confer upon the taxpayer the benefit of Kirby's Digest, § 5057.

2. TAX TITLES—UNIMPROVED AND UNENCLOSED LANDS.—Kirby's Digest, § 5057, has no application to lands which are not unenclosed and unimproved.

3. LANDLORD AND TENANT—ACTS OF TENANT IN ATTORNING TO A THIRD PARTY.—Where a tenant enters upon land under a certain landlord, the tenant can not dispute its landlord's title or turn it out of possession by attorning to another claimant of the title.

Appeal from St. Francis Circuit Court; *J. M. Jackson,* Judge; affirmed.

*C. W. Norton,* for appellant.

1. Plaintiff was the owner of the lot and defendants entered as tenants and can not dispute her title. 89 Ark. 368; 63 *Id.* 94; 77 *Id.* 556; 36 *Id.* 451; 83 *Id.* 57.

Her tax deed, if void, was color of title and seven years' payment of taxes on unimproved and unenclosed land gave title. Kirby's Digest, § 5057; 70 Ark. 483; 80 *Id.* 82.

Plaintiff made out her case and it was error to direct a verdict.

*Mann & Mann* and *W. R. Satterfield,* for appellees.

1. Plaintiff's tax deed was void. The land was improved and payment of taxes for seven consecutive years was not shown. 104 Ark. 624; 74 *Id.* 305; 95 *Id.* 7; 89 *Id.* 450; 80 *Id.* 435.

2. Appellees were never tenants of plaintiff, they leased from the railway company. 16 R. C. L. 654, § 142; 27 Ark. 50; 84 *Id.* 220; 98 *Id.* 335.

The testimony of appellant shows (1) she has no title, (2) her lessees were tenants of the railway company, and (3) the proof shows her lease does not cover the premises sued for.

SMITH, J. Appellant brought ejectment to recover from appellees the possession of a portion of lot 7, block 17, as per plat of the town of Forrest City. The property sued for is described by metes and bounds, and is of an irregular shape, and embraces only a small portion of lot 7. As her source of title, appellant alleged that she had bought lot 7 at a sale for the taxes for the year 1887, and had received a clerk's tax deed on May 19, 1899, and had thereafter paid the taxes on said lot for seven consecutive years. An amended complaint was later filed, in which it was alleged that appellees were in possession as appellant's tenants under a lease which had expired. Appellees denied that the property sued for was unimproved and unenclosed, alleged the invalidity of the tax sale, and denied the payment of taxes there-

under.  The answer further alleged that the Iron Mountain Railway Company was the owner of the property sued for under proper condemnation proceedings and adverse possession for many years; and appellees denied that they were. or had ever been the tenants of appellant, but alleged they were in possession as tenants of the railway company.  The railroad ran diagonally through the center of the lot, which for many years had been used as a lumber yard, and which is shown to be near the center of the town of Forrest City.  A storage room, which is referred to by the witnesses as the old building, stood for many years on a portion of the lot.  Another building has been constructed which the witnesses designate the new building and which is situated, in part, on lot 7.  These buildings ran parallel to the railroad tracks, and a portion of each building was situated on both the east and the west half of lot 7.  The tax receipts offered in evidence show the payment of taxes from 1899 to 1903 upon the east half of lot 7, and for the years 1904 and 1905 upon the west half of lot 7; and it is also admitted that the tax sale upon which appellant's deed is based is void.  In addition to the buildings shown to have been erected upon the lot in question, the testimony also shows, without dispute, that an additional portion of the lot was also used as a driveway in hauling in and out the lumber.

The testimony shows that in 1897 the railway company leased its right-of-way across lot 7 to one E. T. Gray, who erected a building on a portion of it which he used in connection with his lumber business.  Gray sold the business to Paslay & Johnson in about 1899, who renewed the lease with the railway company.  Johnson sold his interest in the business to Paslay, who continued to operate it for several years until he finally sold out to the Euart-Marshall Lumber Company, who rented from Paslay until his lease with the railway company expired, when that company renewed the lease from the railway company in its own name.  This company, however, took a lease on the whole lot from appellant for a period of

three years. In 1908 the Euart-Marshall Company sold the business to appellees, who renewed, in their own name, the lease from the railway company upon the expiration of the lease from the railway company to the Euart-Marshall Company. Appellant applied to appellees to have the lease given by her to the Euart-Marshall Company renewed, but appellees declined to renew it upon the ground that they were the tenants of the railway company, whereupon, after waiting about six years, appellant brought this suit. Appellees deny they were ever the tenants of appellant, or that they had in any manner ever recognized her ownership of any part of lot 7, and they deny that they ever paid her any rent. There is sufficient evidence to raise a question for the jury whether appellees did not, in fact, attorn to appellant by paying a part of the rent which the Euart-Marshall Company had agreed to pay, the payment consisting in the delivery to appellant of a quantity of shingles alleged to have been intended to apply on the rent.

(1) It is apparent that, although appellant's tax deed constituted color of title, she did not acquire the title thereunder by her tax payments. In the first place, she had paid for five years on the east half of the lot and for two years on the west half; whereas seven continuous tax payments, under color of title, are required on the same description, to confer upon the taxpayer the benefit of section 5057 of Kirby's Digest. But such payments could not have conferred title here, because the land was not unimproved and unenclosed. The allegations of appellant's amended complaint contravene the right of recovery through the mere payment of taxes. The land was not unimproved and unenclosed. On the contrary, there has been an occupancy for many years. In the brief for appellant, it is said:

"The plaintiff realized that her right was barred in whatever part of the lot the old building occupied; and she made allowance for the same, by bringing her suit only for that part that had recently been pre-empted by

the defendants for their 'addition' or 'new building,' thus conceding to the railroad all that they had had any long continued possession of."

(2)    The proof in the case, as well as the concession of counsel, would make unavailing, so far as the acquisition of title is concerned, the payment of taxes, even though such payments had covered the full period of seven years. *Fenton* v. *Collum,* 104 Ark. 624; *Rachels* v. *Stecher Cooperage Co.,* 95 Ark. 7; *King* v. *Campbell,* 89 Ark. 450; *Wheeler* v. *Foote,* 80 Ark. 435.

(3)    The real question in the case is raised by the amended complaint.    Both parties to this litigation invoke the doctrine that a tenant will not be heard to dispute the title of his landlord.    As we have said, there is evidence that the Euart-Marshall Company took a lease from appellant, and also that appellees, who bought the business of the Euart-Marshall Company, attorned to her for rent due under this lease.    But it is undisputed that, from 1897, when the railway company made the first lease to Gray, it has since been continuously in possession of the disputed land by tenant, and that the Euart-Marshall Company was its tenant when it attorned to appellant, and that appellees were its tenants when they attorned to appellant, if it be conceded that they did so.    It is also true that the railway company is not a party to this litigation; but a suit was brought against its tenant, and if appellant prevails in this case the effect of the judgment in her favor would be to oust the tenant of the railway company.    The statute permits the action of ejectment to be brought against the person in possession of the premises claimed, or his lessor, or both.    Section 2735, Kirby's Digest.    And, while a judgment against the tenants of the railway company would not conclude the railway company, such a judgment would change its attitude and compel it to recover on the strength of its own title, after appellant had succeeded to the possession of the premises.

Appellant says here that it is immaterial what her title is, that her tenant, who elected to hold under her, can not question it. But the very rule which she seeks to invoke defeats her recovery. Appellees and their predecessors in title had another landlord, and a prior one, and the one, indeed, under whom they entered, and they are not suffered to dispute its title or to turn it out of possession by attorning to another claimant of the title. The rule in such cases is stated in Underhill on Landlord and Tenant, at section 314, as follows: "Sec. 314. At the common law an attornment by the tenant without the knowledge or consent of the landlord was void, and it in no wise affected the right of the landlord against the tenant, or his remedies to recover the rent or to enforce any covenant binding upon the tenant. This rule of the common law is affirmed by statute in many of the states. In some instances, statutes have been enacted which dispense with the consent of the landlord where the attornment is made to one who purchases at a sale made under a judgment at law or a decree in equity, or to a mortgagee after forfeiture. The common law doctrine of attornment is not enforced in Minnesota. An attornment without the consent of the landlord to one holding a tax title is not valid, and the occupation of the tenant under a lease from the owner of the tax title does not constitute adverse possession against the landlord. Where, after an attornment which is void because it was made without the consent of the landlord, there is no disclaimer of the landlord's title by the tenant brought to the knowledge of his landlord or any act of exclusive ownership by the tenant calculated to apprise him that the tenant is holding adversely for the benefit of a third person, the possession of the tenant is not adverse to that of the true owner. A tenant who has attorned to a purchaser on an execution sale when the execution deed was found to be void, may state the claim of his original landlord in an action brought by the purchaser to recover rent under

the lease. If he shall show that the deed is void, the action to recover rent must be dismissed."

The case of *Kepley et al.* v. *Scully et al.*, 57 N. E. 187, is very similar to the instant case under the facts. In its opinion in that case the Supreme Court of Illinois said: "Deeds were introduced tending to show the conveyance of the tax title acquired by Roby to the plaintiff in error Kepley. But the latter disclaims any intention of relying upon title in himself under the tax deed executed to Roby. His contention is that the tax deed in question put the title to lot 9 in Roby, and divested the former owner thereof, and that in ejectment it is sufficient to defeat the action to show that the legal title is not in plaintiff, or that the title is in a third party. *Kirkland* v. *Cox*, 94 Ill. 400. The evidence, however, shows that some time in 1890 or 1891 the plaintiff in error Kepley induced one Holt, who was in possession of the premises as a tenant under the defendants in error, to attorn to Kepley and take a lease from him. This was an abandonment by Holt of his landlords, the defendants in error. 'A tenant in possession under one title can make no valid attornment to any one not in privity with that title.' Tayl. Landl. & Ten. (8 Ed.), section 180. 'As a tenant is not permitted to resist the recovery of his landlord, by virtue of an adverse title acquired during the tenancy, if he takes a lease from a third person it is void, and can not work an adverse possession against his landlord.' *Id.*, section 705; Ang. Lim. (5 Ed.), section 446. In *Hardin* v. *Forsythe*, 99 Ill. 312, we said (page 320): 'The same principle which forbids a tenant to dispute the title of his landlord applies to any person who may acquire the possession from, through, or under the tenant. If by collusion with the tenant, or through other means, he is induced to vacate and surrender the possession to a stranger, such person will acquire no greater rights than the one who occupied as a tenant.' Where a tenant takes advantage of his position to turn over the land occupied by him to the holder of a conflicting title, such holder will

not be regarded otherwise than as an intruder; and an intruder upon the possession of one in quiet and peaceable possession of land can not, when sued in ejectment, set up title under a third party, or in himself, to defeat the action. A defendant who invades the plaintiff's possession, and ousts his tenant, has no right, when sued in ejectment, to defend by proving an outstanding title. *Hardin* v. *Forsythe, supra; Anderson* v. *Gray,* 134 Ill. 550, 25 N. E. 843.''

The law of this subject is stated in accordance with the cases cited at section 142 of the article on Landlord & Tenant in 16 R. C. L., where several annotated cases are cited.

We therefore, announce our own view to be that the Euart-Marshall Company and appellees, having acquired possession as the tenants of the railway company, can not, by private agreement between themselves, and the railway company's tenant, oust the railway company of its possession and put upon the railway company the necessity of bringing suit to recover the possession which it lost when its tenant in possession attorned to another landlord, for such would be the effect of a judgment in appellant's favor against a tenant who alleges in his answer his possession as a tenant of the railway company. It follows, therefore, that the judgment was properly directed in appellees' favor, and the same is affirmed.