## HUBBLE *v.* GRIMES.

4-8061                                      199 S. W. 2d 313

Opinion delivered February 3, 1947.

*Pickens & Pickens,* for appellant.

*Kaneaster Hodges,* for appellee.

MINOR W. MILLWEE, Justice. This suit involves the title to a part of lot 12, block 21, of the original town of Newport, Arkansas. Appellants became the owners of the property in October, 1929, as tenants in common and heirs at law of W. S. Hubble, deceased. The property is situated in the Newport levee district which instituted foreclosure proceedings for the unpaid levee assessments for the years 1932 and 1933, resulting in a decree of foreclosure entered on November 27, 1935. The levee district became the purchaser at a foreclosure sale held on April 4, 1936, which was confirmed on May 26, 1936. After expiration of the period of redemption, the property was conveyed to the board of directors of the levee district and the deed approved on May 24, 1938.

On June 30, 1944, the levee district conveyed the property to R. D. Wilmans and R. P. McCuistion for $193.43. R. D. Wilmans conveyed his interest in the property to R. P. McCuistion and wife, who conveyed to appellees, Harry Grimes and Daisy Grimes, on April 14, 1945, for $1,000. Prior to his conveyance to appellees, McCuistion also secured deeds from four municipal improvement districts which had foreclosed liens for delinquent assessments, but appellees are not claiming title under these conveyances. McCuistion also paid the general taxes and assessments of the levee district for 1944.

The property remained on the tax records in the name of appellants who paid the state and county taxes and the annual assessments of the Newport levee district for the years 1936 to 1943, inclusive, said levee assessments being paid to the county collector along with the general taxes each year.

Appellees, Harry Grimes and Daisy Grimes, instituted suit in the Jackson Chancery Court on September 18, 1945, to quiet their title to the property, alleging they were in possession and deraigning title under *mesne* conveyances from the Newport levee district. It was further alleged that appellants were claiming an interest in the property which, though unfounded, constituted a cloud upon appellees' title.

The answer of appellants denied the allegations of the complaint and alleged that appellants and their predecessor in title had been in adverse possession of the lands and paying taxes thereon for more than seven years. It was further alleged that the levee district should be estopped to assert title to the lands by accepting the levee assessments for the years 1936 to 1943. Appellants also pleaded the seven-year statute of limitations and by way of alternative relief prayed that they be given a lien on the lands for payment of the general taxes and levee assessments in the event it should be held that appellees had title to the property.

The cause was tried on oral testimony and stipulation of the parties and a decree was entered on April 8, 1946, in which the trial court found that appellees, and their predecessors in title, had been in possession of the property for approximately five years and that appellees had acquired title thereto; and that the title and interest of appellants had been foreclosed in the levee district foreclosure suit. The title of appellees was ordered quieted, but appellants were held to be entitled to recover from appellees the state and county taxes paid by appellants for the years 1936 to 1943 in the sum of $142.80, and appellants were given a lien on the property to secure such payment.

Appellants have appealed from the decree quieting appellees' title to the property while appellees have cross-appealed from that part of the decree which orders their payment of the general taxes.

The evidence discloses that the property is an uninclosed lot located in the business section of the city of

Newport, Arkansas, across an alley from the Hazel Hotel. At the time the Levee District purchased the property at its foreclosure sale, the property was being used as a parking place for a taxicab which was operated by a business tenant of the hotel. After the purchase by the levee district, it collected monthly rentals for two or three years from the hotel proprietor for the use of the lot as a "taxi stand." The district also collected rental from an outdoor advertising company which maintained a signboard on the property until it was removed at the request of the hotel proprietor. The property was also rented by the district to D. P. Fender for three months as a used car lot. McCuistion and appellees continued collection of monthly rentals from the hotel proprietor for use of the property as a "taxi stand" after their respective purchases.

Appellants do not question the regularity of the foreclosure proceedings in which the Newport levee district acquired title to the property and have abandoned the defense of estoppel set up in the answer upon the authority of *Board of Directors of St Francis Levee District* v. *Fleming*, 93 Ark. 490, 125 S. W. 132. It was held in that case (headnote 5): "Where a levee district foreclosed its lien for levee taxes on lands in the district and purchased the lands at the sale, it was not estopped to assert the title so acquired by the fact that its officers accepted subsequent levee taxes on the same lands from the former owner, the officers having no authority to do so."

Appellants insist, however, that they have acquired title by adverse possession under § 8920 of Pope's Digest which provides that unimproved and uninclosed land shall be deemed and held to be in possession of a person who pays the taxes thereon under color of title for seven years. In *Southern Lbr. Co.* v. *Arkansas Lbr. Co.*, 176 Ark. 906, 4 S. W. 2d 928, it was held that this statute in itself is not a statute of limitations. It was there said: "It only declares that the land shall be deemed to be in possession of the person paying taxes thereon under color of title. It only makes the payment of taxes under the

conditions named in the act a constructive possession: and it is only by applying thereto the general statute of limitations that such possession, like actual possession, can ripen into title by limitation. *Taylor* v. *Leonard,* 94 Ark. 122, 126 S. W. 387.'' The purpose of the statute was to create a constructive possession by the payment of taxes which will oust the constructive possession of the owner who did not pay taxes. *Wells* v. *Rock Island Improvement Co.,* 110 Ark. 534, 162 S. W. 572.

This court has also held that the statute has no application where the lands are actually occupied by the record owner. *Wheeler* v. *Foote,* 80 Ark. 435, 97 S. W. 447; *Connerly* v. *Dickinson,* 81 Ark. 258, 99 S. W. 82; *King* v. *Campbell,* 89 Ark. 450, 116 S. W. 899. The chancellor found that appellees and their predecessors in title were in actual possession of the property and had been for approximately five years at the time of the trial. We think this finding is supported by a preponderance of the evidence. Appellees and their predecessors in title rented the property as a used car lot and collected rent upon an advertising sign located on the property. They collected monthly rentals from the operator of the taxi-cab and the property was still being openly used as a taxi station at the time of the trial. A sign designating this use was affixed to the property. This evidence was undisputed and sufficient to constitute actual possession which interrupted the constructive possession of appellants by payment of taxes under § 8920 of Pope's Digest, *supra,* and prevented it from ripening into title.

Appellants failed to acquire title to the lands by payment of the state and county taxes from 1936 to 1943 for the further reason that the property was exempt from general taxation during those years. It has been repeatedly held by this court that when a drainage or improvement district acquires title to lands embraced within the district before the lien for state and county taxes becomes fixed, such lands are exempt from assessment for state and county taxes as long as they remain the property of the district, as during that time they are held by the district as a governmental agency and for

governmental purposes. *Robinson* v. *Indiana & Arkansas Lbr. Co.,* 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426; *Kelley Trust Co.* v. *Lundell. Land & Lbr. Co.,* 159 Ark. 218, 251 S. W. 680; *Lyle* v. *Sternberg,* 204 Ark. 466, 163 S. W. 2d 147; *Pinkert* v. *Wilson,* 208 Ark. 587, 186 S. W. 2d 949; *Deniston* v. *Burroughs,* 209 Ark. 436, 190 S. W. 2d 623.

The Newport Levee District purchased the land at the foreclosure sale on April 4, 1936, and this sale was confirmed on May 26, 1936. The state's lien for the taxes of 1936 did not become fixed until the first Monday in June, 1936, (§ 13770, Pope's Digest). The general taxes for 1936 did not, therefore, accrue on the property and this is true although no deed had been issued to the district and its title was subject to defeat by redemption. *Duncan* v. *Newport Levee District,* 206 Ark. 1130, 178 S. W. 2d 660.

This court has also held that the payment of state and county taxes on property exempt from taxation does not entitle one to the benefits of § 8920 of Pope's Digest. In the case of *Kelley Trust Co.* v. *Lundell Land & Lbr. Co., supra,* the court said: "Moreover, in *Robinson* v. *Indiana & Ark. Lbr. & Mfg. Co.,* 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426, it was held that land in the hands of a levee district is exempt from taxation for state and county purposes. It thus appears from the record that the title to the land in question was in the Laconia Levee District during a part of the seven years relied upon by the plaintiff to obtain title to the land by the payment of taxes for seven years in succession, and the plaintiff acquired no title by the payment of taxes." Since the levee district did not dispose of the property in the case at bar until June 30, 1944, title was in the district during the period when appellants paid the state and county taxes and they acquired no title by virtue of such payments.

On their cross-appeal, appellees contend that the trial court erred in holding appellants entitled to recover the taxes which they paid for the years 1936 to 1943, inclusive. We think this contention must be sustained,

since the property was not subject to general taxation during those years. In the case of *Little Red River Levee District No. 2* v. *Moore*, 197 Ark. 945, 126 S. W. 2d 605, this court said: "It is also true, as appellees insist, that state and county taxes are not payable upon lands owned by the improvement districts which they acquired in consequence of sales for delinquent taxes. This is true because the districts hold the lands in their governmental capacities, and while so owned they are not subject to state and county taxes; nor are such taxes cumulative and chargeable to subsequent purchasers." This rule was applied in the recent case of *Baiers* v. *Cammack*, 207 Ark. 827, 182 S. W. 2d 938, where a grantee under void state deeds was held not entitled to recover from the grantee of an improvement district the consideration paid the state for the deeds. We there said: "Appellant was not entitled to recover from appellee the amount which he paid to the state for the two void deeds executed to him by the state, since the title to the property at the time the deeds were issued to him was in a governmental agency, the street improvement district, and Act 269 of the Acts of 1939 relied upon by appellant does not control here." It follows that the trial court erred in rendering judgment against appellees for the tax payments made by appellants.

The decree is affirmed on direct appeal. On the cross-appeal the decree is reversed and the cause remanded with directions to enter a decree not inconsistent with this opinion.