### BEASLEY *v.* BRATCHER.

#### Opinion delivered October 26, 1914.

1. TAX SALES—OMISSIONS IN DECREE OF SALE.—A decree of the chancery court condemning land to be sold for delinquent assessments, recited the amounts against the property to be 2.50 and 1.00. *Held,* the omission of the dollar mark did not render the condemnation void, and the omission was a clerical misprision.

2. TAX SALES—TIME OF SALE—IRREGULARITY.—When a decree condemning land to be sold for delinquent assessments, fails to recite that ten days be allowed before the sale shall be made, the irregularity is cured where the commissioner waited ten days before advertising the land for sale under the decree.

Appeal from Polk Chancery Court; *James D. Shaver,* Chancellor.; affirmed.

*W. M. Pipkin,* for appellant.

1.   There was in effect no judgment.   The actual judgment rendered, if it can be termed a judgment, was for $2.50 and $1.00, and nothing else.   It is, therefore, meaningless and void.

2.   The judgment failed to provide, as required by the statute, Kirby's Dig., § 5700, that the owner should be allowed ten days in which to pay the judgment, before the commissioner should proceed to sell.   The decree was, therefore, in excess of the court's jurisdiction and void.   The right to order the sale rested upon the statute. The jurisdiction was special and limited, and all provisions and conditions named in the statute must be closely followed.   Black on Tax Titles, § § 54, 59; 54 Pac. 921, 922; 51 Pac. 834, 836; 32 N. Y. Supp. 425, 430; 100

U. S. 13, 23, 25 L. Ed. 538; 119 Cal. 139; 16 Utah, 151; 96 Wis. 175.

*J. I. Alley,* for appellee.

1. A mere clerical misprision in failing to write the dollar marks before the figures expressing the amount of the judgment will not invalidate the judgment. Moreover, the court specially found in its confirmation decree that the amounts of the condemnation judgment was intended for two dollars and fifty cents and one dollar respectively. That finding is conclusive. 78 Ark. 275; 86 Ark. 212; 90 Ark. 40; 104 Ark. 9; 68 Ark. 134; 68 Ark 211.

2. The failure to provide in the decree that ten days should pass before the commissioner should proceed to sell was a mere irregularity which was cured by the confirmation of the sale and the finding by the court that the commissioner did not proceed to advertise and sell the property until after the expiration of the ten days. 14 Cyc. 723; 84 Ark. 1; 99 Ark. 154; 66 Ark. 1; 68 Ark. 211; 63 Ark. 1.

WOOD, J. This was a suit in the chancery court of Polk County by the appellant against the appellee to remove a cloud on the title to certain lots in the city of Mena. The complaint, omitting details, set up that the appellee claimed title to the property by virtue of a deed executed by the commissioner of the chancery court pursuant to the orders of that court, condemning the lots to be sold for alleged delinquent assessments due to an improvement district in the city of Mena. Among other things, the complaint alleged that no sum certain was found to be due against the property, for which the same was condemned and sold, and that the court failed to allow ten days for the payment of such judgment as was rendered against the property. By the agreed statement of facts, it appears that the judgment for which the property in question was condemned to be sold contained the following: ''Against lot 8, block 16, 2.50; against lot 9, block 16, 1.00.'' The judgment condemning the land to be sold also failed to direct that the sum so adjudged to

be due might be paid within ten days, and that said property should not be advertised for sale until the expiration of said ten days.

(1) The appellant contends that inasmuch as the decree of condemnation sets forth the amounts in figures, as above shown, without the dollar mark, the same was rendered void. Counsel for the appellant states that the "actual judgment rendered was simply for 2.50 and 1.00 and nothing else," and that therefore the judgment was void. We can not uphold this contention. The chancery court found that the sum of $2.50 and $1.00, respectively, was intended as the amounts found to be due by the court rendering the judgment of condemnation, besides the penalty and costs, and that the omission of the dollar mark was simply a clerical misprision not affecting the validity of the decree. These figures, with the period between the figure two and the noughts, and the figure one and the noughts, indicating the decimal point, as shown by the agreed statement of facts set forth in the court's judgment, show conclusively that the figures were intended to specify $2.50 and $1.00 respectively. The omission of the dollar mark did not render the judgment of condemnation void. The court was correct in finding that this was a mere clerical misprision, as indicated on the face of the judgment itself.

Appellant contends that the failure to set forth the dollar mark renders the judgment void because it does not show that it was a money judgment. But the numerals in the connection used could have had no other meaning than that the land was condemned and sold for an amount of money due as delinquent assessment. As to whether the amounts set forth were correct, could have been easily ascertained by an examination of the assessment and tax books for the improvement district of Mena, and it was not necessary to the validity of the decree that the dollar mark should have preceded the numerals. See *Sawyer* v. *Wilson*, 81 Ark. 319.

(2) Moreover, there was a confirmation of the decree condemning the lands to be sold for the assess-

ments, and this confirmation necessarily involved a finding that the land was sold for the correct amount. The court found that the commissioner waited until after the lapse of ten days before the property was advertised under the condemnation decree and before making the sale of the property, and that the failure to recite in the decree that ten days would be allowed for the payment of the judgment before the property was sold was a mere irregularity which was cured by the commissioner waiting until after the ten days had lapsed before advertising and selling the land. And the court also found that this irregularity was cured by a confirmation of the sale that was afterward made. These findings were correct. Section 5700 of Kirby's Digest provides as follows: "The suit shall be brought in the name of the board of improvement, and, in its decree of condemnation, the court shall direct that if the sum adjudged shall not be paid within ten days, the property shall be sold by a commissioner, appointed for that purpose, upon twenty days' notice." The purpose of this statute was to give the land owner time within which to pay off the judgment and prevent the advertisement and sale of his property. It is clear that when this time is allowed before the property is advertised, as specified in the statute, the land owner could not be prejudiced in any way by a failure to have the recital contained in the decree. It is essential, however, to the validity of the sale under the decree of condemnation, that ten days should expire before the commissioner advertises the land to be sold under the decree. But it is not a jurisdictional prerequisite to the validity of the decree and the sale made thereunder that the decree should contain the recital as to the ten days mentioned in the statute. But that the time should be actually allowed is essential; for if a less time were given, the land owner might be prejudiced. Section 5731 of Kirby's Digest, provides that "no irregularity not going to the true merits of the proceeding to condemn said lands and to sell and transfer them, or which could have been taken advantage of on appeal, shall suffice to impair the valid-

ity of any such deed.'' The appellant could have objected to this irregularity on appeal; and, as already stated, inasmuch as the full time was given before the land was advertised and sold, appellant has not been injured and the irregularity therefore does not affect the merits of the proceeding to condemn. Moreover, the decree of confirmation fully cured such irregularity. See *Osceola Land Co.* v. *Chicago Mill & Lbr. Co.,* 84 Ark. 1.

The decree is affirmed.