## SHULTZ *v.* CARROLL.

### Opinion delivered February 12, 1923.

1. TAXATION—SCHOOL TAX—VALIDITY OF TAX DEED.—An entry of a school tax levy in the record of the levying court having a column for "Amt. Taxes Voted," under which appeared the number "7", and a column "For What Purpose," under which appeared "5 gen. 2 bldg.", there being nothing to show whether these numbers referred to dollars, cents, or mills, was insufficient to sustain a tax deed based thereon.

2. TAXATION—PUBLICATION OF NOTICE OF TAX SALE.—A notice of the sale of lands for delinquent taxes published for two full weeks consecutively before the sale, the first insertion being two full weeks and the second being one full week before the day of sale, was sufficient publication.

Appeal from Benton Chancery Court, *Ben F. Mc-Mahan,* Chancellor; reversed.

*Rice & Rice,* for appellant.

The entry as to the purported levy of taxes is meaningless. The figures used stand alone without even the dollar mark. There is nothing to indicate whether the levy was in cents or mills. It is void for ambiguity. 27 Pac. 356; 38 S. W. 283; 103 Ark 581. The record discloses that the delinquent list was published, but it does not show that it was filed in apt time, and is void for that reason. *Pride* v. *Gist,* 152 Ark. 368; 84 Ark. 567. The clerk's certificate of publication of the delinquent list was not recorded before the day of sale as required by C. & M. Digest, § 10085, and the sale is therefore invalid. 68 Ar. 248; 74 Ark. 583. The clerk's certificate of publication recites that he "advertised." He does not say "published." There is a difference. There must be a strict compliance with the statute. 37 Cyc. 1281. The clerk wholly failed to certify any publication of notice of sale of this land as delinquent or otherwise. 84 Ark. 1; 84 Ark. 320; 68 Ark. 250; 37 Cyc. 1291. The clerk made no certificate whatever of the publication of the notice *attached* or otherwise to the delinquent list; he simply had the editor file his proof. Only the clerk

can do that.  74 Ark. 583; 65 Ark. 595; Cooley on Taxation, 218-219.

*Sullins & Ivie,* for appellee.

There is no difference between the words "advertised" and "published."  2 C. J. P. 294, 80 Ark. 31. There was no allegation or proof that the land involved was in school district No. 103.  Where there is no proof as to the time the list was filed with the clerk, it will be presumed that it was filed in time.  21 Ark. 578.  The notice of sale by the clerk and the certificate of publication were amply sufficient and meet the requirements of the statutes.  91 Ark. 117; 80 Ark. 31.

HUMPHREYS, J.  Appellants brought this suit in the Benton Chancery Court against the appellees to cancel a tax deed for the S. E. ¼ N. E. ¼ sec. 23, tp. 19 N., R. 30 W., Benton County, Ark., obtained by appellee, F. G. Carroll, from the State of Arkansas on July 21, 1919.  Appellant, H. L. Shultz, alleged that he was the owner; and appellant, Peoples' Savings Bank, Inc., that it had a special interest in said lands by reason of a mortgage lien acquired thereon.  It was also alleged in the bill that the title acquired by F. G. Carroll was based upon a void forfeiture of the lands for the nonpayment of the taxes for the year 1916.

Appellees filed an answer denying the invalidity of the tax title acquired from the State of Arkansas.

The cause was submitted to the court upon the pleadings and testimony, which resulted in a decree upholding the tax title and dismissing appellants' bill for the want of equity, from which is this appeal.

Appellants assailed the tax title upon many grounds, and now insist upon the reversal of the decree because the trial court did not sustain any ground of attack. We deem it unnecessary to set out or discuss, *seriatim,* the various grounds of attack.  We think the eighth ground of attack should have been sustained by the court.  It is as follows:

"Said sale and proceedings thereunder are null and void because the levying court failed to levy the taxes for which said property was sold."

The record of the levying court was introduced, and contains the following entry relative to the levy for school purposes:

"No. of Dist.     Amt. taxes voted     For what purpose
    103                  7                   5 gen. 2 bldg."

This entry as to amount is meaningless unless a presumption is indulged against the landowner that the figures 7, 5, and 2, standing alone, mean mills. Even the dollar mark does not appear in the heading above the figure 7 or above the figures 5 and 2, to indicate that 7, 5, and 2 were intended as some proportional part of dollars. We think the record should have affirmatively shown whether the levy for school purposes was voted in cents or mills. This court said, in *Morris* v. *Levy Lumber Co.,* 103 Ark. 581, that: "Every essential proceeding in the course of the levy of taxes must appear in some written and permanent form in the record of the bodies authorized to act upon them," meaning, of course, that the recorded proceeding should be free from ambiguity.

Appellants suggest that the notice of sale of delinquent lands for the year 1916 was fatally defective in several respects, but we think the notice in form and substance complied with all the requirements of § 10084, Crawford & Moses' Digest. There was no defect in the publication of the notice. It was published for two full weeks, consecutively, between the second Monday in May and the second Monday in June, the first insertion being two full weeks and the second one full week before the day of sale. In construing this section the court ruled in the cases of *Townsend* v. *Martin,* 55 Ark. 192, and *Martin* v. *McDiarmid,* 55 Ark. 213, that the first insertion must be two full weeks before the day of sale, and thereby impliedly ruled that the second insertion must be one full week before the day of sale.

For the error indicated, the decree is reversed and the cause remanded, with directions to cancel the tax title acquired by said F. G. Carroll from the State of Arkansas.

McCULLOCH, C. J., (dissenting). It seems to me that it is entirely too strict a rule of interpretation to say that the record of the levying court does not show that a levy of five mills was made for school purposes. It is true we have held that "to validate a tax levy it is essential that it be done in the manner prescribed by the statute, and this should be shown in the manner therein described," but the record should be given a reasonable interpretation in determining what is meant by its language. Neither the members of the levying court, the presiding judge nor the clerk are required to be learned in law, and literal accuracy in the narrative of the proceedings in this record should not be exacted in order to make a valid levy.

The decision of the majority is, I think, out of harmony with the liberal rule of interpretation adopted in *Beasley* v. *Bratcher,* 114 Ark. 512.

The only defect in the record is the failure to specify the denomination of the figure indicating the amount of the tax. In other words, the clerk merely failed to insert the word "mills." It is clear that the figure "5" referred to the amount of the levy, for that is indicated at the top of the column. The intention to levy a tax being manifest, and an amount being indicated by the figure used, we should indulge the presumption that the lowest unit was intended, which is the one specified in the Constitution in fixing the limit of school taxes.

The Constitution authorizes the school tax in mills, and we should indulge the presumption that the figure in the record was intended to refer to the amount of tax thus authorized. It could not have had reference to dollars or cents, therefore it must have meant mills. The omission was a mere clerical error.