Stow v. Burkes.

4-6455                                      155 S. W. 2d 568

Opinion delivered November 10, 1941.

*C. O. Raley, Smith & Judkins* and *Arthur Sneed,* for appellant.

*Verlin E. Upton, E. G. Ward* and *T. A. French,* for appellee.

SMITH, J. Appellant brought suit at law to recover possession of a 40-acre tract of land in Clay county. In reply to an intervention filed by George H. French, the cause was, on appellant's motion, transferred to equity, where a decree was rendered dismissing the complaint as being without equity, from which decree is this appeal.

The land had forfeited to the state for the nonpayment of the 1928 general taxes due thereon. The sale was attacked upon various grounds, and its invalidity is not seriously questioned. The donation certificate was dated August 26, 1932, and it is admitted that appellant did not enter upon the land until December thereafter. He built a 2-room house and made certain improvements. On or about October 7, 1935, he remitted a dollar to the state land commissioner, with proof of improvements, all of which were returned to him by the commissioner in a letter stating that the land had been redeemed from

the sale to the state by the Central Clay Drainage District under a deed to the district numbered 5689.

The land was located in the drainage district, and was subject to its taxes for the years 1928 and 1929, for the nonpayment of which it was sold to the district March 17, 1932, under a decree foreclosing the district's lien for its taxes.

The drainage district sold the land to George H. French, who alleged in his intervention that he had also acquired the title of the original owner. He alleged his possession and ownership under these deeds through W. B. Burkes, his tenant, who was the defendant named in appellant's complaint.

The testimony shows that appellant did not make and file with the commissioner of state lands proof of improvements and residence within sixty days after the expiration of two years actual residence.

The case is, therefore, controlled by the opinion in the case of *Ware* v. *Dazey,* 201 Ark. 116, 144 S. W. 2d 463, where it was held, to quote headnotes, that "Under Acts of 1887 and 1891, as amended by Act 128 of 1933, donee of land must make final proof within 60 days from expiration of two years after ninety days," and that "When donee of land fails to make final proof within the time prescribed by law, effect of such failure is forfeiture of the right of possession, and all prospective rights under the certificate terminate and right of possession reverts to the state without formality, and without notice."

In the case just cited it was also held that when the proof was not thus made the donee under the certificate of donation forfeited his rights thereunder, together with the right to have compensation for the value of any improvements made.

It is insisted that the foreclosure sale to the drainage district, under the decree foreclosing its lien for taxes, was void, for the reason that the title to the land was then in the state. Such was the holding in the case of *Miller* v. *Watkins,* 194 Ark. 863, 110 S. W. 2d 531, 111 S. W. 2d 466, 113 A. L. R. 913. But these sales were confirmed by act No. 329 of the Acts of 1939. *Davidson* v. *Crockett,* 200 Ark. 488, 140 S. W. 2d 695. But, if this were

not so, French has the original title to the land, and in that capacity, had the right to intervene and defend the suit brought against his tenant by appellant.

Intervener French has the title acquired by the drainage district, as well as the title of the original owner, and the decree quieting his title and dismissing the complaint of appellant as being without equity is correct, and it is, therefore, affirmed.