Cutsinger *v.* Strang.

4-6600                                        158 S. W. 2d 669

Opinion delivered February 2, 1942.

*E. H. Tharp,* for appellant.

*D. Leonard Lingo,* for appellee.

GREENHAW, J.   The appellant, Roy Cutsinger, filed suit against the appellees, Jake Strang and wife, on May 2, 1940, alleging that he was the owner and in possession of lots one and two, block 35, Original Town of Walnut Ridge, and that the appellees were asserting title to same by reason of three purported conveyances from municipal improvement districts in the city of Walnut Ridge, the districts being Street Improvement District No. 2, Water and Sewer Improvement District No. 2, and Village Creek Drainage District of Lawrence County.   Appellant prayed that the deeds complained of be canceled as clouds upon his title.

The appellees denied that the appellant was the owner and in possession of the property in question, admitted they were asserting title to said lots by deeds and conveyances from the improvement districts, and further pleaded laches and § 8924 of Pope's Digest, being the five year statute of limitations for confirmed judicial sales, and asked that appellant's complaint be dismissed and that the title to the property be quieted and vested in them.

The evidence showed that the appellant purchased the property in question in 1923.   Street Improvement District No. 2 taxes for the years 1928, 1929 and 1930 were not paid on the property, and it became delinquent, along with other property in the district.   Holders of the bonds of Street Improvement District No. 2 filed suit against the district in the District Court of the United States for the Eastern District of Arkansas, Jonesboro Division, because the district had defaulted in its pay-

ments on the bonded indebtedness thereof, and asked that a receiver be appointed for the district. On December 1, 1930, W. E. Beloate, Jr., was appointed receiver.

Thereafter the receiver instituted suit in the Lawrence chancery court to foreclose the lien of the improvement district upon property which had become delinquent for nonpayment of the assessed benefits. The appellant and other property owners were made parties defendant in this foreclosure proceeding. On November 23, 1931, a decree of foreclosure and order of sale was entered by the Lawrence chancery court. The decree shows that the appellant was present by his attorney, that personal service of summons had been had upon him in the manner and form and for the time required by law. The decree further recited that lots one and two, block 35, Original Town of Walnut Ridge, were assessed in the name of the appellant for the years 1928, 1929 and 1930, setting out the total amount of taxes, penalty and costs due thereon for said years, rendered judgment therefor and gave the appellant 10 days in which to pay the sums adjudged against said property. J. T. Alexander was appointed commissioner, and upon the expiration of 10 days was ordered to advertise and sell said property. The sale thereof was made to Street Improvement District No. 2 January 15, 1932, which sale was duly reported to and confirmed by the court on June 29, 1932.

It appears that this property was on the tax books for the year 1933. State and county taxes not having been paid for said year, the same was sold to the state in 1934 for the nonpayment of the 1933 taxes, and certified to the state in 1936. On January 5, 1939, the state obtained a decree in said chancery court quieting and confirming its title to certain real estate, including said lots, and on February 20, 1939, the state land commissioner sold and conveyed the lots to appellants herein.

While we do not think it material to the decision in this case, the evidence shows that Water and Sewer Improvement District No. 2 took steps in 1933 similar to the action of Street Improvement District No. 2, and

R. B. Warner was appointed receiver of that improvement district. Also, Village Creek Drainage District, by proper resolution of its board of commissioners, issued to R. B. Warner its general power of attorney to make collections and execute deeds upon property in said district.

On February 17, 1940, Street Improvement District No. 2, Water and Sewer Improvement District No. 2 and Village Creek Drainage District sold their interests in the lots in question to the appellee, Jake Strang, the deeds to him having been executed by R. B. Warner, receiver of Street Improvement District No. 2 and Water and Sewer Improvement District No. 2, and attorney in fact for Village Creek Drainage District. At the time these deeds were executed by Warner he was receiver in succession of Street Improvement District No. 2 by virtue of appointment by the federal court, the first receiver, W. E. Beloate, Jr., having resigned.

Apparently it was discovered, after the execution of the deed by Warner as receiver of Street Improvement District No. 2, that J. T. Alexander, who had been appointed by the Lawrence chancery court as commissioner to make the sale in the foreclosure proceeding, and who had been directed by the chancery court to execute a deed to the purchaser, Street Improvement District No. 2, had failed to do so, and on February 26, 1940, the chancery court appointed Floyd Pickett as commissioner to execute said deed in conformity with the decree made and entered June 29, 1932, and pursuant thereto Floyd Pickett on February 29, 1940, duly executed his commissioner's deed to Street Improvement District No. 2.

It was admitted that the appellees were in possession of the property in question at the time this suit was instituted.

The appellant assigns four grounds for reversal of this case: (1) The receiver was not authorized to institute foreclosure proceedings for municipal districts; (2) The foreclosure complaint and decree based thereon did not include interest on the assessments sued upon; (3)

These proceedings were not instituted and prosecuted by the city attorney; and (4) The receiver was not authorized by law to convey title to the property in question acquired by the district.

We cannot agree that the receiver had no authority to institute the foreclosure proceedings in question. The appellant relies upon act 79 of the acts of 1933, which was evidently intended to eliminate actions by receivers in improvement districts of this kind. This act was not passed until two years or more after the receiver was appointed in Street Improvement District No. 2, and it therefore has no application thereto. Act 79 of 1933 and act 46 of 1933 are companion acts, and identical except that act 79 applies to municipal improvement districts and act 46 applies to improvement districts located outside of municipalities. Act 46 was construed by this court in the case of *Rogers* v. *Carson Lake Road Improvement District No. 6*, 191 Ark. 112, 85 S. W. 2d 716, in which this court held adversely to the contention of the appellant and said: "This receiver was appointed in September, 1932, and immediately thereafter entered upon the discharge of his duties. Act 46 of 1933 was not passed for several months subsequent thereto. Said act does not purport to be retroactive in scope or effect, and should not be given a retroactive effect unless the language employed therein expressly so provides. We find no such mandate in the act. Neither expressly nor by implication does this act undertake to discharge or dissolve pending receiverships in the courts of this state; therefore it has no application to the facts here presented, and the dissolution of the receivership in this proceeding cannot be justified because of it."

The second contention of the appellant, that the foreclosure proceedings were void because no interest was included on the delinquent assessments, cannot be sustained. The law did not require interest to be included at the time the foreclosure decree was entered in this case. Appellant relies upon act 308 of the Acts of 1937, now § 7312 of Pope's Digest. It does not purport to be retroactive, and is, therefore, not applicable to the instant case.

'Neither can we agree that the foreclosure proceedings were void because not instituted by the city attorney. The receiver in this case was appointed by the federal court before the act cited by the appellant was enacted. The receiver had the legal right to institute foreclosure proceedings.

Nor can we agree with the fourth contention of the appellant, that the receiver was not authorized to convey title to the property acquired by the improvement district. The federal court for the eastern district of Arkansas, Jonesboro division, on May 3, 1939, made and entered an order finding that it would be to the best interests of the district and all parties concerned for the receiver to sell property, make deeds and collect delinquent taxes, and authorizing the receiver, acting in conjunction with the board of commissioners in arriving at the price and value of the property, to make deeds. The order further provided that all deeds made by the receiver should have legal effect and pass all right, claims and interest of the district.

The lower court, in dismissing the complaint for want of equity, found that, plaintiff having been represented by counsel in the foreclosure proceedings brought by Street Improvement District No. 2, he could not now complain of any irregularities contained in that decree or sale, as there was no appeal and the proceedings thereunder had long since become *res adjudicata;* that the purported sale to the state November 19, 1934, and the purported deed to plaintiff from the state February 19, 1939, were void for the reason that title to the property was then in Street Improvement District No. 2; that the receivership of Street Improvement District No. 2 was created prior to the passage of the act of March 7, 1933, and the appointment of R. B. Warner as receiver in succession in nowise limited the receivership.

We are unable to say that the findings and decree of the lower court are against a clear preponderance of the evidence. It is our conclusion that the appellant was barred from prosecuting his suit herein by § 8924 of Pope's Digest, which provides that all actions against the purchaser at judicial sales shall be brought within

five years after the date of such sale and not thereafter. The sale in the instant case was made in January, 1932, and confirmed in June, 1932, approximately eight years before the appellant instituted the present litigation.

In the case of *Clay* v. *Barnes,* 121 Ark. 474, 181 S. W. 303, this court said:

"The purpose of the suit as disclosed by the complaint is to set aside the decree and cancel the deeds of the commissioner and other grantors of appellee, as clouds upon appellant's title and for possession of the lands claimed. . . . Such proceeding constitutes no more than a collateral attack upon the said decree of the chancery court, under which the land in controversy was condemned and sold. *Cassady* v. *Norris,* 118 Ark. 449, 177 S. W. 10.

"Every presumption will be indulged in favor of the jurisdiction of such court and the validity of the judgment which it enters, and unless it affirmatively appears from the record itself that the facts essential to the jurisdiction of such court did not exist, such collateral attack against the judgment rendered by it cannot prevail. *Crittenden Lumber Co.* v. *McDougal,* 101 Ark. 390, 142 S. W. 836." See, also, *O'Barr* v. *Sanders,* 113 Ark. 449, 169 S. W. 249; *Beasley* v. *Bratcher,* 114 Ark. 512, 170 S. W. 249; *Hooper* v. *Wist,* 138 Ark. 289, 211 S. W. 143; *Lambie* v. *W. T. Rawleigh Co.,* 178 Ark. 1019, 14 S. W. 2d 245.

It is our opinion that Street Improvement District No. 2 obtained title to the lots in question under and by virtue of the foreclosure sale which was made and confirmed in 1932, and since there was no appeal by the appellant from said decree, every presumption must be indulged in favor of the regularity and legality of the foreclosure proceedings.

The state deed which the appellant received was ineffective to convey title to him for the reason that the title to the property involved was in Street Improvement District No. 2 at the time of its alleged forfeiture to the state for nonpayment of the taxes for 1933. It has long been held in this state that while title to property is in

an improvement district by virtue of foreclosure proceedings, the district is exercising a governmental function, and no state and county taxes accrue during this time, the failure to pay which would authorize a tax sale of the property. See *Robinson* v. *Indiana & Arkansas Lumber Co.,* 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426; *Central Clay Drainage District* v. *Raborn, ante,* p. 465, 157 S. W. 2d 505. The forfeiture and sale of the land being void, the subsequent action of the state in quieting title thereto did not cure these defects, and the state had no title to convey to the appellant under the circumstances.

The decree is, therefore, affirmed.