BAIERS *v.* CAMMACK.

4-7440                                    182 S. W. 2d 938

Opinion delivered October 30, 1944.

*Claude S. Hall* and *Ed E. Ashbaugh,* for appellant.

*John W. Newman* and *June P. Wooten,* for appellee.

HOLT, J. The property involved here is embraced in Street Improvement District No. 508 of Little Rock, Arkansas, and title thereto was acquired by the district October 19, 1938, under foreclosure proceedings for delinquent benefit assessments.

Title thus remained in the district until February 7, 1944, when the property was sold and conveyed to appellee, W. D. Cammack, for a consideration of $1,500.

While the title to this property remained in the district, it was forfeited and sold to the state for the non-payment of general taxes, assessed against it and claimed

to be due for the year 1939. Thereafter, on August 17, 1943, the state, by deed, sold and conveyed a part of the property to appellant, J. L. Baiers, and December 13, 1943, sold and conveyed the remainder of the property to Baiers, who then went on the property, which was then unimproved, assembled material, and began making improvements.

February 9, 1944, appellee, Cammack, brought this action in which he alleged ownership of the property, and sought to enjoin appellant from going upon the property and making any improvements thereon, prayed that appellant be ordered to remove all materials and improvements, and that his, appellee's, title be quieted.

Appellant's answer was a general denial and, by way of cross complaint, sought to recover for all improvements and in addition, the purchase price which he paid the state for the property. Upon a hearing, the court found "that the title to the property hereinafter described was vested in Street Improvement District No. 508 of Little Rock, Arkansas, at the time the same was purchased by defendant from the State of Arkansas, that said sale from the State of Arkansas to defendant was void, and that the assessment and the forfeiture of said land for the nonpayment of state, county and city taxes, for the year 1939, were void; that plaintiff succeeded to the title of said Street Improvement District No. 508 on February 7, 1944, and was at the time of the filing of this cause the rightful owner thereof," and ordered and adjudged that "the assessment of state, county and city taxes for the year 1939, the forfeiture to the State of Arkansas, the two deeds of the State of Arkansas to defendant (appellant)" were all void and of no effect, canceled the deeds and quieted appellee's title to the property. The decree further recited that appellant "shall have a lien against said land for the sum of $98, as compensation for labor performed on said land from February 7, 1944, to and including noon of February 10, 1944." From the decree comes this appeal.

The question here, says appellant, is "whether or not appellant is entitled to recover from appellee the purchase price paid by appellant to the State of Arkansas for the land . . . and for improvements placed thereon in good faith by appellant." We think the decree of the trial court was, in all things, correct. It is conceded here that the two state tax deeds to appellant were void. When the property was forfeited and sold to the state for the 1939 taxes, title was in Street Improvement District No. 508 of Little Rock, a governmental agency, and not subject to tax assessments for state and county purposes. The state had no title to convey in the property to appellant and he acquired none.

In the recent case of *Cutsinger* v. *Strang,* 203 Ark. 699, 158 S. W. 2d 669, this court said: "The state deed which the appellant received was ineffective to convey title to him for the reason that the title to the property involved was in Street Improvement District No. 2 at the time of its alleged forfeiture to the state for nonpayment of the taxes for 1933. It has long been held in this state that while title to property is in an improvement district by virtue of foreclosure proceedings, the district is exercising a governmental function, and no state and county taxes accrue during this time, the failure to pay which would authorize a tax sale of the property. See *Robinson* v. *Indiana & Arkansas Lumber & Manufacturing Co.,* 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426; *Central Clay Drainage District* v. *Raborn,* 203 Ark. 465, 157 S. W. 2d 505. The forfeiture and sale of the land being void, the subsequent action of the state in quieting title thereto did not cure these defects, and the state had no title to convey to the appellant under the circumstances."

In *Robinson* v. *Indiana & Arkansas Lumber & Manufacturing Co., supra,* this court said: "Thus it will be seen that the levee district acquired the land in the exercise of its governmental functions, and during the interval between its purchase and resale of the lands, they were not subject to taxation."

Appellant was not entitled to recover from appellee the amount which he paid to the state for the two void

deeds executed to him by the state, since the title to the property at the time the deeds were issued to him was in a governmental agency, the street improvement district, and Act 269 of the Acts of 1939 relied upon by appellant does not control here.

Also, we think it clear, as the trial court held, that appellant could not recover under the betterment statute (§ 13884, Pope's Digest) for improvements made on the property while the title was in the district, a governmental agency. He could, however, recover for improvements after the property reverted to private ownership, February 7, 1944, when the title passed to appellee by deed from the district. For improvements made subsequent to February 7, 1944, he was allowed $98.

In *Martin* v. *Roesch*, 57 Ark. 474, 21 S. W. 881, it was held in effect that the betterment statute does not apply to land, title to which is in a governmental agency, and there this court said: "The lands for the payment of

taxes on which the *bona fide* occupant is entitled to be reimbursed are obviously private lands, public lands being exempt from taxation," and "the purchaser acquires all the interest and estate of the state in the land, including the improvements on it." See, also, *City of Little Rock* v. *Jeuryens,* 133 Ark. 126, 202 S. W. 45.

Finding no error, the decree is affirmed.