KAPLAN *v.* STREET IMPROVEMENT DISTRICT No. 359.

4-7604                                              186 S. W. 2d 670

Opinion delivered April 9, 1945.

*A. L. Rotenberry,* for appellant.

*S. L. White* and *Linwood L. Brickhouse,* for appellee.

HOLT, J. The property involved is lot 11, block 265, original city of Little Rock, Arkansas.

On March 7, 1944, appellant, Maurice W. Kaplan, filed suit in which he alleged that he was the owner of the above property by virtue of a tax deed executed to him September 9, 1939, "said real estate having been duly certified to the State Land Office of Arkansas for the nonpayment of the general state and subdivisions thereof taxes for the year, 1930"; that he immediately took possession thereof and has been in actual possession more than two years, and "that the real estate involved herein was duly included in the suit by the said Street Improvement District No. 359 to condemn and sell said land for the nonpayment of its delinquent assessments of benefits in chancery case No. 49790 filed in the Pulaski chancery court May 14, 1934, and in chancery case No. 53404 filed March 16, 1936; that a decree was duly rendered by the Pulaski chancery court . . . and that said land was duly sold by the commissioner in chancery February 19, 1937, said sale being confirmed . . . , said land being sold and struck off to the said Street Improvement District No. 359, and that said improvement district has owned and held said land under the said sale continuously since the date of said sale and confirmation and is now so holding the same. That the said land was duly included in the suit by the said Sewer Improvement District No. 104, chancery case No. . . . and was duly sold and the confirmation of said sale was had May 17, 1938, confirming said sale in the said dis-

456

trict; that the said district has held and now holds the same under said sale continuously since the said date of sale." He prayed that appellees, districts, be permanently enjoined from disposing of the property and beclouding his title, and that the court "determine the rights of all parties hereto in said lands."

Appellees (districts) filed answer and cross-complaint, admitting that appellant procured a tax deed from the state, September 9, 1939, for the lot in question, after it had been certified to the state for the nonpayment of the "general and other taxes for the year 1930." They denied that plaintiff took possession or has ever had possession of the lot. The districts admitted foreclosure of their liens for nonpayment of betterment assessments as alleged by appellant and alleged that they are co-owners of the lot in question. They further alleged that on May 27, 1937, the court appointed a receiver for this property, that the forfeiture and sale to the state for the 1930 taxes were void, and further "that while said property had been certified to the state prior to the foreclosure of the liens of the respective defendants, nevertheless, the foreclosure of their respective liens have been cured by the provisions of Act No. 329, passed by the General Assembly in the year 1939. The balance due Street Improvement District No. 359, after crediting rents collected by the receiver from said lands, amounts to $224.42, and the balance due Sewer District No. 104, amounts to $75. The consideration paid to the state by plaintiff for its deed amounted to $195.70. Said land is of the reasonable value of $800." Their prayer was that the property be sold and "that the balance remaining in the hands of the commissioner from the proceeds of the sale, and after payment of defendants' (appellees) liens with cost and interest, be paid to the plaintiff (appellant) or, if said sum realized from a sale of the lands be insufficient to liquidate all of the claims of the parties hereto, that said sum be prorated among them."

Appellant answered appellees' cross-complaint, alleged that appellees' foreclosure suits, *supra,* were null

and void, and specifically pleaded the three-year statute of limitations contained in § 6 of Act 85 of the Acts of 1925.

Upon a trial, the court found the issues in favor of appellees and decreed "that the defendants (appellees) have valid liens on lot eleven (11), block two hundred sixty-five (265), original city of Little Rock, as follows: Street Improvement District No. 359, for the sum of $224.42, . . . and Sewer Improvement District No. 104, in the sum of $109.45, . . ." with interest at 6 per cent. from date of judgment, June 13, 1944, until paid, and ordered sale of the property to satisfy the judgment liens of appellee. This appeal followed.

Appellant says that the issues involved are: "1. Was the foreclosure by Street Improvement District No. 359, decree and sale to the district for the 1932-1933-1934-1935 taxes February 19, 1937, a valid or void sale? 2. Was the foreclosure by Sewer Improvement District No. 104, decree and sale April 21, 1937, valid or void? 3. Did the appellant have two years adverse possession of the property involved under his state tax deed? 4. Is the decree of the court below otherwise valid or void?" He further says: "We contend that these attempted sales were all null and void because the apparent title to said property was then in the state and not subject to foreclosure."

We cannot agree with this contention of appellant.

Act 329 of the Acts of 1939 contains, among others, the following provisions: "Section 1. Where any lands have been or may hereafter be forfeited or sold to the state for the nonpayment of general taxes, and any of such lands may be located in any improvement district of any kind or class, such improvement district may, nevertheless, proceed as provided by law to enforce its lien for delinquent taxes or assessments, subject to the paramount lien of the state without waiting until said lands are redeemed from or sold by the state. *Section 2.* Where any improvement district has heretofore foreclosed on any lands located therein for delinquent taxes

or assessments due it, and any of such lands may have, prior to the decree or sale, been sold or forfeited to the state for the nonpayment of general taxes, such sales of lands for such improvement district taxes are hereby validated, subject to the period of redemption provided by law, and subject to the paramount lien of the state. *Section 3.* Where any lands have been, or shall hereafter be foreclosed on by any improvement district for delinquent taxes or assessments due it, and the title to any of such lands may have been or is in the state, the purchaser at any sale for such improvement district taxes shall have the right to redeem same from the state. In case a receiver shall be appointed by the chancery court for any such lands being foreclosed on by an improvement district, such receiver may, out of the first monies coming into his hands from rentals, or a sale thereof, redeem such lands from the state. Such purchaser or receiver shall have a lien thereon for such sums so paid the state.''

This act is retroactive. We so held in *Watson* v. *Anderson,* 201 Ark. 809, 147 S. W. 2d 28. We there said: ''We have held that said act is curative and retroactive. Section 2 makes it so in express terms and we so held in *Lincoln Nat'l Life Ins. Co.* v. *Wilson,* 199 Ark. 732, 135 S. W. 2d 846.''.

Appellant next questions the constitutionality of this Act No. 329. We hold, however, that the act is constitutional. We have impliedly so held in many recent cases, among them being the *Watson* v. *Anderson* and *Lincoln Nat'l Life Ins. Co.* v. *Wilson* cases, *supra,* and *Davidson* v. *Crockett,* 200 Ark. 488, 140 S. W. 2d 695; *Mitchell* v. *Parker,* 201 Ark. 177, 143 S. W. 2d 1114; *Stow* v. *Burkes,* 202 Ark. 1147, 155 S. W. 2d 568, and *Duncan* v. *Board of Directors of Newport Levee District,* 206 Ark. 1130, 178 S. W. 2d 660. We know of no reason why we should now declare this act unconstitutional, and appellant has cited none.

Appellant also argues that he has had possession of this property for two years and more since his purchase

from the state, and therefore, that the foreclosure suits of appellees and decrees rendered therein, are void and of no effect. We think this contention untenable for the reason that even though he has had possession as claimed, this does not relieve the property of the liens of the districts, appellees. In the recent case. of *Honeycutt* v. *Sherrill,* 179 S. W. 2d 693, this court, in referring to the two-year period of limitation provided by § 8925 of Pope's Digest, said: "While the drainage district and appellee, its grantee, are barred by the statute from prosecuting a possessory action for the land here involved, this does not mean that the right of the district to maintain a suit to enforce payment of delinquent assessments would be likewise barred. On the contrary, a lienholder has been held not to be barred by this statute from foreclosing his lien. *Wright* v. *Walker,* 30 Ark. 44; *Rural Realty Co.* v. *Buckner,* 203 Ark. 474, 158 S. W. 2d 17." See, also, *Terry* v. *Drainage District No. 6, Miller County,* 206 Ark. 940, 178 S. W. 2d 857.

Other errors are assigned, but after a careful review of all, we find them to be without merit.

Finding no error, the decree is affirmed.