PINKERT v. WILSON.

4-7598 186 S. W. 2d 949

Opinion delivered April 23, 1945.

*A. L. Rotenberry,* for appellant.

*M. A. Matlock,* for appellee.

McHANEY, J. This action originated as one at law, in ejectment, brought by appellant against one Ella Jackson to recover the possession of the south 80 feet of lot 4, block B, of Fletcher Clark's Addition to the city of Little Rock. He deraigned title from the tax sale of the sheriff in November, 1941, for the taxes of 1940, to one S. Gordon who was given a certificate of purchase and who was issued a deed therefor by the county clerk on November 29, 1943, after the expiration of the two-year redemption period. On February 8, 1944, said Gordon conveyed said property by quitclaim deed to appellant. This constituted appellant's sole title.

Ella Jackson was a tenant of appellee and so answered, claiming her right of possession as tenant. Appellee intervened in the action and alleged his ownership in fee of said property, having acquired same by warranty deed from Mollie C. Tunnah on May 20, 1927. He set up the invalidity of the tax sale by which said Gordon got a tax deed from the clerk on several grounds, one or more of which will be hereinafter discussed, and prayed a cancellation of Gordon's tax deed and the deed from Gordon to Pinkert. He moved that the cause be transferred to equity, which was done.

There was a decree for appellee, cancelling said deeds and quieting and confirming his title and dismissing appellant's complaint for want of equity. This appeal followed.

We think the decree is correct for at least two of the grounds argued by appellee.

1. By virtue of a previous forfeiture and sale to the State, the Commissioner of State Lands conveyed this same property to M. W. Kaplan on January 29, 1940. It got back on the tax books and was assessed for the year 1940 payable in 1941. Kaplan permitted it to forfeit in 1941 for the 1940 taxes and Pinkert, appellant, purchased at the sheriff's sale. In settlement of a pending lawsuit between Wilson and Kaplan in 1942, Kaplan conveyed said property to Wilson. Now, it appears that one Manie Schuman was either acting for himself through these relatives and in their names, or that he was the agent for each of them in said matters. Kaplan is his son-in-law, and Pinkert and Gordon are his cousins. In either case, under the facts presented by this record, the purchase in November, 1941, at the sheriff's sale by Gordon was in reality Schuman's purchase and it amounted to a redemption only because at that time he was either the beneficial owner thereof through Kaplan or was his agent, and it was his duty to pay the taxes, and that the title passed to appellee in Kaplan's deed to him.

2. It is undisputed that, at the date of the forfeiture and sale to S. Gordon in 1941, the title to said property was in the Broadway-Main Street Bridge District by virtue of a foreclosure decree in 1930 for delinquent assessments, and was held by it in its governmental capacity. In such case, it has long been the rule in this state that no state and county taxes accrue during this time, the failure to pay which would authorize a tax sale of the property. *Robinson* v. *Ind. & Ark. Lumber Co.,* 128 Ark. 550, 194 S. W. 870, 3 A. L. R. 1426; *Central Clay Drg. Dist.* v. *Raborn,* 203 Ark. 465, 157 S. W. 2d 505; *Cutsinger* v. *Strong,* 203 Ark. 699, 158 S. W. 2d 669. Appellee acquired the district's title on July 11, 1942, by deed from it. But appellant insists that appellee cannot rely on this title of the district, as he had already acquired title as against the district by adverse possession for more than seven years. The right to set up adverse possession for the seven-year period of limitations against the district was personal to appellee, and might have been successfully pleaded in an action by the district against him for possession. Certainly appellant could not assert it to de-

feat appellee in this action, as he must recover if at all upon the strength of his own title.

Affirmed.

McFADDIN, J., concurs.