DENISTON *v.* BURROUGHS.

4-7765                                                190 S. W. 2d 623

Opinion delivered December 3, 1945.

*Arthur D. Chavis,* for appellant.

*Coleman & Gantt,* for appellee.

McHANEY, J.    Lot 3 in block 50, of Tannehill & Owens' Addition to Pine Bluff, is the subject of this controversy. Said lot forfeited and was sold to the State in the name of Addie Silbernagel for the nonpayment in 1937 for the 1936 taxes. Not being redeemed it was certified to the State in 1939, after the two-year period of redemption had expired, and the State's title was later confirmed by a proceeding in chancery. On November 4, 1942, the State conveyed said lot to A. D. Chavis who later conveyed to appellant. These deeds constitute appellant's sole claim of title.

Said lot is located in two paving districts in Pine Bluff, No. 35 and No. 76. It became delinquent in each district and each brought a suit against it to collect the delinquent assessments which resulted in separate decrees

of foreclosure and sale to said districts, in No. 35 the sale was on March 12, 1936, and in No. 76 the sale was on September 5, 1944. Appellee purchased and received deeds from these districts to said lot and also holds under a deed from the original owners of said lot, Addie Silbernagel and her son, Louis Silbernagel. The question is, Who has the superior title?

The trial court answered this question in favor of appellee on the complaint of the latter seeking to cancel appellant's deed from the State as a cloud on his title, which was done.

We think the court correctly so held. The facts are undisputed, in fact stipulated, and are as above set out. The sale to Paving District No. 35 by the Commissioner in Chancery was on March 12, 1936, and said sale was approved and confirmed on April 13, 1936, and the commissioner conveyed by deed to the district on January 20, 1942, and by it deeded to appellee on October 27, 1944. The forfeiture and sale to the State were in November, 1937, for the taxes of 1936, and the State's title was confirmed by the decree of the Jefferson chancery court on March 22, 1941.

The State's lien for the taxes of 1936 did not attach until the first Monday in June, 1936. Section 13770 of Pope's Digest. At that time said lot had already been sold to Paving District No. 35 and the sale confirmed, and at the time of the tax sale to the State in November, 1937, the title to said property was still in district No. 35. So, as we have many times held, it was exempt from general taxation during the time said district held the title in its governmental capacity, as it did here. Also it is well settled that, in such a case, the power to sell for general taxes is lacking and that confirmation is ineffectual. We so held in the recent case of *Duncan* v. *Board of Directors*, 206 Ark. 1130, 178 S. W. 2d 660, where a headnote reads: "The sale to the State of land for delinquent taxes when the title to the land is in an improvement district, as a result of foreclosure of its lien, is void for want of power to sell the land." It was also held in that case that this is true even though the

improvement district has not received a deed from the commissioner making the sale, pending expiration of the period of redemption. See, also, *Baiers* v. *Cammack*, 207 Ark. 827, 182 S. W. 2d 938; *Pinkert* v. *Wilson*, 208 Ark. 587, 186 S. W. 2d 949.

Appellant says the sale to district 35 is void because at the time of said sale the title was in the State because of a previous forfeiture and sale to it in 1931. It has several times been held that Act 329 of 1939 is both curative and retroactive and that it validates previous sales for improvement district taxes while the title thereto was in the State. *Kaplan* v. *Street Imp. Dist.*, 208 Ark. 454, 186 S. W. 2d 670.

Also, it is suggested that the sale to district 35 is void because Addie Silbernagel was not a party to the foreclosure suit. Assuming that this is true, appellant is in no position to raise the question for her. Only she could have done so, and her right to do so passed to appellee by her deed and not to appellant.

We find no error, and the decree is accordingly affirmed.