Noe *v.* Schuman.

4-8033 .198 S. W. 2d 510

Opinion delivered December 23, 1946.

1000

*J. Fred Jones,* for appellant.

*Wm. J. Kirby,* for appellee.

McHANEY, Justice. The title to the west 45 feet of the east 90 feet of lots 7, 8 and 9, block 10, Mountain Park Addition to the City of Little Rock is involved in this appeal, and, as appellant says, "the question for determination is whether appellant's or appellee's title is paramount."

Appellant claims title by virtue of a deed from the State Land Commissioner dated May 4, 1940, based on a forfeiture and sale to the State in 1933 for the 1932 taxes and certified to it in 1935, which title was confirmed in the State by decree of the Pulaski Chancery Court on April 28, 1938, and he also claims under a deed from the original owner, dated August 16, 1940.

Appellee claims title by virtue of a deed from Street Improvement District No. 508 of Little Rock, dated May 14, 1945, the District's title being based on the following proceedings: The district was created by ordinance of the Little Rock City Council on December 10, 1928; the property here involved and a large amount of other real property was included in the district; assessments of benefits were levied against all the real property in the district; the assessments due for 1930, 1931, 1932, 1933 and 1934 became delinquent on the property here involved and suit for foreclosure was brought which resulted in a decree dated January 6, 1938, for said delinquent assessments in favor of the District; on October 19, 1938, the property here involved was sold to the District for $332.25; after the five-year period of redemption had expired and on December 17, 1943, the District petitioned the court for a commissioner's deed to the property as of November 29, and on the same day an order was entered as of November 29, directing such conveyance by the commissioner, and on the same day an order was entered approving the conveyance and entry of acknowledgment, which deed was filed for record January 11, 1944.

On April 16, 1945, the District filed a petition in said court stating that all its debts had been paid, and that it had solicited offers for all of its interest in all its lands, and that appellee had made an offer of $5,000 which was the highest offer, and prayed an order directing it to sell all its lands to appellee for said sum. On the same day the court entered an order directing the District to advertise the fact for one insertion in the Arkansas Gazette that appellee had offered $5,000, and inviting further bids for all such lands in one lot and ordered the district's commissioners to report to the court on April 30, 1945, at 10 a. m. On May 1, 1945, a report was filed and presented to the court that no offer greater than that of appellee had been received, and the court, thereupon, entered an order approving the sale to appellee, and the District executed and delivered to him a deed on May 14, 1945, for all the lands, lots and parcels owned by it for a consideration of $5,000.

On November 28, 1945, appellee brought this action against appellant and two others to quiet his title to said property. He set out his claim of title by deed from the district as above set out. Appellant answered admitting the deed to appellee from the district, but denied that it conveyed the paramount title. By way of cross-complaint he set out his title from the State as above set out and also a deed from the other two defendants named in the complaint and asserted that the lien of the State for its taxes is paramount to that of the District for its assessments. He offered to pay appellee the proportionate amount of the $5,000 paid by him or the amount due the District for delinquent assessments. Appellee answered the cross-complaint of appellant and alleged that the forfeiture and sale to the State as above set out were void because there was levied and charged against said lot an illegal and void tax for the Policemen's and Firemen's Pension Fund of the City of Little Rock, and that said lot was sold for an excessive amount of taxes because of said illegal levy; and that although said lot had been certified to the State prior to said foreclosure decree for the District, said foreclosure and

subsequent sale by the District was validated by Act 329 of 1939.

Trial resulted in a decree holding that the forfeiture and sale to the State in 1933 for the taxes of 1932 were void because of an excessive levy of one-third of a mill for the police fund of the city, which was in excess of the constitutional limit, and said lot was sold for an excessive amount of taxes. The State's deed to appellant was declared void and canceled, and the title to said lot was quieted and confirmed in appellee. This appeal followed.

Act 329 of 1939, § 1, authorizes any improvement district to enforce its lien against lands for delinquent taxes or assessments even though such lands may have previously been forfeited and sold to the State for the nonpayment of general taxes, "without waiting until said lands are redeemed from or sold by the State," but "subject to the paramount lien of the State." Section 2 validates such foreclosure sales in improvement districts made prior to the passage of the act, and "subject to the paramount lien of the State." Section 3 confers the right of redemption from the State on any purchaser at an improvement district foreclosure sale. Appellee did not acquire the District's title until May 14, 1945, and at that time the State had parted with whatever title it had to appellant, and he could not redeem from the State. The act is permissive only and not mandatory in this regard, but § 2 of said act cured and validated the sale here in question, subject to the State's paramount lien. *Deniston* v. *Burroughs,* 209 Ark. 436, 190 S. W. 2d 623. The facts are not in dispute and it is conceded that a levy of one-third of a mill was made in 1932 which was that much in excess of the constitutional limit of five mills for the City General Fund. We held in *Adamson* v. *City of Little Rock,* 199 Ark. 435, 134 S. W. 2d 558, that this identical levy was void. We have also held that the inclusion of such an illegal tax defeats the State's power to sell and that confirmation does not cure the defect. *Fuller* v. *Wilkerson,* 198 Ark. 102, 128 S. W. 2d 251; *Smart* v. *Alexander,* 201 Ark. 211, 144 S. W.

2d 25; *Sherrill* v. *Faulkner*, 200 Ark. 1006, 142 S. W. 2d 229. Therefore, the deed from the State to appellant passed no title and his deed from the original owner was, of course, subject to the lien of the District for its assessments. He knew the property was delinquent for these assessments and attempted to redeem from the District during the period for redemption, but did not have a sufficient sum of money to do so. His offer to redeem now, after the expiration of the time allowed by law therefor and after the District has parted with its title, comes too late.

Another assignment of error suggested is that the court erred in ordering or authorizing the District to advertise for submission of offers or bids for all its holdings in one unit, or *en masse,* in competition with appellee's offer of $5,000 for the whole, instead of advertising for bids on each unit separately. We know of no decision or statute, and none is cited, sustaining this contention. No contention is made that the sale to appellee for $5,000 was for a grossly inadequate consideration. See *Eddy* v. *Schuman,* 206 Ark. 849, 177 S. W. 2d 918. The sale was made, not for the purpose of paying debts of the District, all of which had been paid, but to equalize the burden borne by taxpayers who had paid their assessments with those who had not. See *Papa* v. *Kitchens, Sheriff,* 204 Ark. 616, 164 S. W. 2d 439.

We find no error and the decree is accordingly affirmed.