TYER *v.* HAZEL.

4-8277                                   205 S. W. 2d 18

Opinion delivered October 27, 1947.

*Giles Dearing,* for appellant.

*J. L. Shaver,* for appellee.

MINOR W. MILLWEE, Justice. Appellees were the owners of the west half (W½) of section 2, and the north half (N½) of section 11, in township 6 north, range 1 east, Cross county, Arkansas, in 1942 when said lands became delinquent for the 1941 state and county taxes. The lands were sold and certified to the state, and on January 8, 1945, the State Land Commissioner conveyed the north half of section 11 to appellant, Dave Tyer, and the west half of section 2 to appellant, Malcolm Smith. The State of Arkansas instituted confirmation proceedings in the Cross Chancery Court and a decree was rendered May 28, 1945, confirming the state's title to the aforesaid lands.

On July 20, 1945, appellees intervened in the confirmation suit of the state and attacked the validity of the 1942 tax sale and the confirmation decree based thereon. An amendment to the intervention was filed on April 17, 1946. Appellees alleged that the tax sale was void and prayed that the confirmation decree and tax deeds to appellants be set aside and canceled, and that appellees be permitted to redeem the lands from the tax sale and have their title thereto quieted and confirmed.

Appellants filed a response to the intervention in which they alleged ownership of the lands by virtue of their respective deeds from the State Land Commissioner. The cause was submitted to the trial court upon the pleadings, stipulations and testimony of several witnesses. A decree was rendered declaring the tax sale void and the confirmation decree and tax deeds to appellants were set aside and canceled. Appellees were also granted the right to redeem said lands by payment of the amount of taxes, penalty and costs as provided by law.

Having intervened in the confirmation proceedings within one year after rendition of the confirmation decree, appellees may, under the provisions of Act 423 of 1941, attack the decree and tax sale upon any ground which would have constituted a meritorious defense to the complaint upon which the decree was rendered. Appellees attacked the validity of the 1942 tax sale upon

14 separate grounds and proof was offered upon several of these. Since we hold that the invalidity of the tax sale was established under the fourth ground urged in appellee's amendment to the intervention, we find it unnecessary to set out or discuss the other grounds relied upon. This alleged defect is: "4. That the Quorum Court of Cross county failed to levy any school taxes for the year 1941 against the property involved in this suit."

Appellees introduced the record of the proceedings of the Quorum Court showing the levying of the taxes for 1941. This record reflects that court was opened on November 17, 1941, with the county judge, county clerk and sheriff present. The record further recites the presence of a majority of the justices of the peace of Cross county, "making the following levy of the assessments, valuations of the real and personal property for the said county for the year 1941." Paragraph No. 3 of the proceedings immediately following contains an entry relative to the levy of school taxes as follows: "On motion of C. T. Stuart and seconded by G. D. Bowers, that the levy voted by the various school districts of Cross county for the year 1941 be confirmed, and was unanimously carried." The foregoing constitutes the record of the court relative to the levying of school taxes.

Under § 2527 of Pope's Digest, the Quorum Court is charged with the duty of levying the county, municipal and school taxes for the current year after all appropriations have been made. In the case of *Alexander* v. *Capps,* 100 Ark. 488, 140 S. W. 722, it was contended that a five-mill tax had been levied by the Quorum Court for school purposes, and the court said: "If the school tax of 5 mills had been levied, that fact could only be shown by the record. As was said by this court in *Hodgkin* v. *Fry,* 33 Ark. 716-721, quoting from the Supreme Court of Michigan: 'Every essential proceeding in the course of the levy of taxes must appear in some written and permanent form in the record of the bodies authorized to act upon them.' *Moser* v. *White,* 29 Mich. 59. See, also, *Taylor* v. *State,* 65 Ark. 595, 47 S. W. 1065; *Logan* v. *Eastern Land Co.,* 68 Ark. 248, 57 S. W. 798; *Martin* v. *Barbour,* 140 U. S. 634, 11 S. Ct. 944, 35 L. Ed. 546.''

The record in *Alexander* v. *Capps, supra,* failed to show a vote was taken by the levying court. While the record of the Quorum Court in the instant case shows a vote was taken and the motion passed unanimously, there is no way to determine, from an examination of this record, the millage tax levied in the school district in which the lands here involved are located. The amount of school tax voted by the various school districts is not found in the record nor does the record reflect that the court had before it any designation of the millage voted by any school district in the county.

Appellants rely on the case of *Anthony* v. *Western & Southern Life Insurance Company,* 198 Ark. 445, 128 S. W. 2d 1014, to sustain the sufficiency of the levy of school taxes. The ground of attack in that case was "that no proper certificate or return certifying the voting of a school tax in the district in which said lands are situated was filed with the county clerk or county court of Little River county, Arkansas." This court found that a proper certificate was filed. Moreover, the record of the Quorum Court making the levy in that case definitely set out the number of the school district, the mills voted, and the purpose for which such millage was voted.

In urging the sufficiency of the levy of school taxes appellant says: "The taxes, as had been shown by the election returns, together with the other taxes levied by the Quorum Court had evidently been extended at one of the prior days of this court, and all they needed to do this day was to levy the taxes as voted by the various school districts and as most likely then already extended on the books for their convenience by the clerk." The record introduced by appellees purports to represent the entire proceedings had in Quorum Court with reference to the levying of the 1941 taxes. If such taxes had been properly extended upon the record at a previous session of the court, as suggested by appellants, this record should have been presented.

In *Morris* v. *Levy Lumber Co.,* 103 Ark. 579, 148 S. W. 252, the record showed that the quorum court "proceeded to levy the taxes" and the levy was held void.

Mr. Justice Wood, speaking for the court there said: ''Now, the function of levying taxes by the levying court is in no sense judicial, but is rather that of a legislative or administrative function delegated to that court by the Legislature, whose supreme function and power it is to authorize the levy of taxes. The presumption that everything was rightly and correctly done that obtains in judicial proceedings by the courts does not apply to the levying court in its purely administrative function of levying taxes.''

In *Schultz* v. *Carroll,* 157 Ark. 208, 248 S. W. 261, the record of the levying court set out the number of the district, the tax voted and the purpose of such tax, but listed the amount voted in figures without indicating whether said figures designated dollars, cents or mills. It was held by a divided court that the entry as to the amount of tax sought to be levied was meaningless and the sale was held invalid because the school tax had not been legally levied. In the recent case of *London* v. *Montgomery,* 211 Ark. 434, 201 S. W. 2d 760, we indicated our disapproval of the majority holding in the Schultz case. However, in the case at bar the record of the Quorum Court fails to show a designation of the amount of the school levy in any school district by figures alone, or otherwise, and it is impossible to determine from an examination of this record the amount of the millage sought to be levied. The London case, *supra,* involved a collateral attack of a confirmation decree and the record there showed that the Quorum Court had before it a certificate from the County Board of Education designating the millage voted.

The decree of the trial court holding the tax sale void is correct and is accordingly affirmed.